1

2  ADAM S. HEDER (CSB #270946)
   adamh@hbclawyers.com
3  HARRIS BERNE CHRISTENSEN LLP
   15350 SW Sequoia Parkway
4  Portland, Oregon 97224
   Telephone:   (503) 968-1475
5  Facsimile:    (503) 968-2003

6  *Attorney for Plaintiff*

7  *Additional counsel on next page*

8

9                **IN THE UNITED STATES DISTRICT COURT**

10            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                     **SAN FRANCISCO DIVISION**

12  PETER JOHNSON, individually and on behalf      )  CASE NO.: 3:20-cv-02569-MMC
    of all others similarly situated,              )
13                                                 )  **JOINT CASE MANAGEMENT**
                            Plaintiff,             )  **STATEMENT AND [PROPOSED]**
14                                                 )  **ORDER**
              v.                                   )
15                                                 )
    MAKER ECOSYSTEM GROWTH                         )
16  HOLDINGS, INC., a foreign corporation;         )
    MAKER ECOSYSTEM GROWTH                         )
17  FOUNDATION, a foreign corporation; and         )
    DAI FOUNDATION, a foreign corporation,         )
18                                                 )
                            Defendants.            )
19  _____    )

20

21

22

23

24

25

26

27

28

---

JOINT CASE MANAGEMENT STATEMENT                          Case No. 3:20-cv-02569-MMC

PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:    (213) 687-5600

ALEXANDER C. DRYLEWSKI (*pro hac vice*)
alexander.drylewski@skadden.com
MICHAEL W. RESTEY JR. *(pro hac vice)*
michael.restey@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:   (212) 735-3000
Facsimile:    (212) 735-2000

*Attorneys for Defendants*
MAKER ECOSYSTEM GROWTH
HOLDINGS, INC. AND MAKER
ECOSYSTEM GROWTH FOUNDATION

HELEN Y. TRAC
helen.trac@hoganlovells.com
HOGAN LOVELLS US LLP
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499

MICHELLE A. KISLOFF (*pro hac vice* pending)
michelle.kisloff@hoganlovells.com
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendant*
DAI FOUNDATION

1        Pursuant to the Court's Scheduling Order, Civil Local Rule 16-9, Federal Rule of Civil

2   Procedure 26(f) and the Standing Order for All Judges of the Northern District of California,

3   Plaintiff Peter Johnson ("Plaintiff") and Defendants Maker Ecosystem Growth Holdings, Inc.

4   ("MEGH"), Maker Ecosystem Growth Foundation ("MEGF") (together, the "Maker Defendants"),

5   and Dai Foundation (together with the Maker Defendants, "Defendants"), by and through their

6   undersigned counsel, submit the following Joint Case Management Statement.

7   **I.**    <u>**Jurisdiction and Service**</u>

8        Plaintiff alleges that the Court's subject-matter jurisdiction arises under the federal diversity

9   statute, 28 U.S.C. § 1332.  The Maker Defendants and Dai Foundation have executed waivers of

10  service, which Plaintiff has in turn filed.    Dai Foundation intends to challenge, by way of motion

11  to dismiss, the Court's personal jurisdiction over Dai Foundation.  Further, as detailed more below

12  within Section III, the Maker Defendants believe the matters should be resolved within binding

13  arbitration, though they currently do not otherwise intend to object to the Court's jurisdiction.

14  **II.**    <u>**Facts**</u>

15       The following summary is based on Plaintiff's allegations in the Complaint, which

16  Defendants do not adopt and expressly reserve all rights to dispute at later stages of the case.  The

17  Complaint does not distinguish between the roles of the various Defendants, referring to them

18  collectively as "Defendants" or the "Maker Foundation."  According to the Complaint, Defendants

19  operate a crypto-currency platform, the Maker Protocol.  The protocol utilizes a currency called

20  Dai, which is collateralized, among other things, by a different crypto-currency, Ethereum.  The

21  protocol requires Dai holders to overcollateralize their Dai by a certain ratio.  Should the market

22  value of Ethereum drop (causing the Dai to become under-collateralized), the protocol triggers an

23  auction whereby the collateral (i.e., the Ethereum) is sold in an auction to pay off the outstanding

24  amount of Dai along with a liquidation penalty.  Importantly, however, the balance of the

25  collateral/Ethereum is, in turn, returned to the Dai holder.

26       On March 12, 2020, the market price of Ethereum dropped dramatically causing *en masse*

27  liquidation auctions.  Due to errors in the protocol, however, only one or two "bots" were

28

JOINT CASE MANAGEMENT STATEMENT            Case No. 3:20-cv-02569-MMC

1   adequately programmed to engage in the bidding process in the midst of a crush of network traffic.

2   And because those bots were the only bidders, their zero-dollar bids won the auction.  Thus,

3   instead of receiving the balance of their collateral as they were promised under the protocol (less

4   the liquidation penalty), Dai holders were left with nothing.  As detailed in the First Amended

5   Complaint, Dai holders lost millions.

6        Plaintiff contends – on behalf of himself and all similarly situated Dai holders – that the

7   Defendants both misrepresented how the Maker Protocol would and should operate in the event of

8   a liquidation but also that it negligently mismanaged the process in any event.  As a result,

9   numerous Dai holders lost millions of dollars of Ethereum.

10  **III.**    **Legal Issues**

11       Plaintiff and the Maker Defendants dispute whether Plaintiff's claims must be resolved

12  through individual, binding arbitration and whether a class action is the proper form of dispute

13  resolution.  The Maker Defendants submit that arbitration on an individual basis is required based

14  on the Plaintiff's affirmative assent to the Maker Terms of Service ("Terms of Service") at the time

15  he opened his account on the Maker platform.  The Terms of Service contain an express clause

16  requiring all disputes arising out of his use of the platform be settled through binding arbitration on

17  an individual basis.  The Maker Defendants separately dispute that the requirements for class

18  action certification have been or are capable of being met, even if the action does not need to be

19  arbitrated according to the Terms of Service.  For his part, Plaintiff contends that neither he nor

20  other similarly situated Dai holders was required to accept the Terms of Service (or even view

21  them for that matter).  Nor do the Terms of Service cover the activities Plaintiff engaged in here in

22  any event.

23       Plaintiff and Defendants also dispute whether the Complaint states a claim upon which

24  relief can be granted.  The Complaint alleges three causes of action:  negligence, negligent

25  misrepresentation, and intentional misrepresentation.  As to negligence, Plaintiff must allege and

26  prove duty, breach, causation and damages.  *See Boruta v. JPMorgan Chase Bank, N.A.*, No. 19-

27  CV-07257-WHO, 2020 WL 887784, at *10 (N.D. Cal. Feb. 24, 2020).  "To state a claim for

28

JOINT CASE MANAGEMENT STATEMENT                              Case No. 3:20-cv-02569-MMC

negligent misrepresentation, Plaintiff must plead facts sufficient to show: (1) the misrepresentation of a past or existing material fact; (2) without reasonable ground for believing it to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." *Hutchins v. Nationstar Mortg. LLC*, No. 16-CV-7067-PJH, 2017 WL 2021363, at *3 (N.D. Cal. May 12, 2017).  "The elements of intentional misrepresentation in California are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Yastrab v. Apple Inc.*, 173 F. Supp. 3d 972, 977–78 (N.D. Cal. 2016).[1]  Defendants assert that Plaintiff has not sufficiently pled and/or will not be able to prove at trial any of these three causes of action, including any entitlement to damages or any other relief.   In addition, Dai Foundation asserts that Plaintiff has not alleged any wrongdoing or any conduct by Dai Foundation.

Plaintiff and the Dai Foundation dispute whether this Court has personal jurisdiction over Dai Foundation, a foundation organized and operating under the laws of Denmark with its primary place of business in Denmark.  A foreign organization is subject to general jurisdiction in a state where its affiliation with the state are "so continuous and systematic as to render it essentiality at home in the forum State." *Daimler AG v. Bauman,* 571 U.S. 117, 122 (2014) (internal citation omitted).  If general jurisdiction is not present, the court may exercise specific jurisdiction over a non-resident defendant only where (1) the defendant "purposefully direct[ed] his activities" towards the forum state; (2) the cause of action "arises out of or relates to the defendant's forum-related activities;" and (3) the court's exercise must "comport with fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir.2004).  Dai Foundation asserts that none of these jurisdictional tests are met as to Dai Foundation.

## IV.   Motions

The Maker Defendants intend to move to compel Plaintiff to individually arbitrate his claims on the following proposed schedule:  (i) the Maker Defendants' motion to compel

---

[1] The parties reserve all rights with respect to any arguments regarding the substantive law to govern Plaintiff's claims, under choice-of-law principles or otherwise.

1  arbitration shall be due no later than July 15, 2020; Plaintiff's opposition thereto shall be due no

2  later than August 17, 2020; the Maker Defendants' reply shall be due no later than August 31,

3  2020. Dai Foundation is not required to respond to the complaint until the Court decides the Maker

4  Defendants' motion to compel arbitration.

5       If the Maker Defendants' motion to compel arbitration is not granted, the Maker

6  Defendants and Dai Foundation expect to move to dismiss the Amended Complaint in its entirety.

7  To the extent necessary, the parties will meet and confer on a schedule to litigate the motions to

8  dismiss within 14 days after the Court's decision on the Maker Defendants' motion to compel

9  arbitration and will submit a joint stipulation governing such motions to dismiss schedule within 21

10  days after such decision on the motion to compel arbitration.

11       If the Maker Defendants' motion to compel arbitration is granted, Plaintiff and Dai

12  Foundation will meet and confer on a schedule for Dai Foundation's motion to dismiss the

13  complaint for lack of personal jurisdiction and will submit a joint stipulation governing such

14  motions to dismiss schedule within 21 days after decision on the motion to compel

15  arbitration.   Such a motion will not waive Dai Foundation's right to move to dismiss under Federal

16  Rule 12(b)(6); Dai Foundation may file a motion under 12(b)(6) if necessary following resolution

17  of the threshold jurisdictional issue.

18  **V.**     **Amendment of Pleadings**

19       Plaintiff filed an amended complaint on May 8, 2020.  The parties do not, at this point,

20  intend to add any further parties and are conferring about potential motions to dismiss.  The parties

21  suggest December 1, 2020 as the last day for Plaintiff to seek leave from this Court to further

22  amend the Complaint.

23  **VI.**     **Evidence Preservation**

24       Plaintiff and the Defendants certify that they have reviewed the Court's Guidelines Relating

25  to the Discovery of Electronically Stored Information.  Counsel for the parties confirm that they

26  have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and

27  proportionate steps taken to preserve evidence relevant to the issues in this action.  The parties

28

4

1 agree to engage in additional meet and confer discussions regarding evidence preservation efforts,
2 if necessary.

3 **VII.**   **Disclosures**

4       The Maker Defendants believe that this Court is not the proper forum to resolve Plaintiff's
5 claims due to his binding agreement to arbitrate.  Dai Foundation believes that this Court does not
6 have personal jurisdiction over it.  Plaintiff disagrees.  Nevertheless, acknowledging the Maker
7 Defendants' pending motion, the parties submit that all discovery, including initial disclosures
8 pursuant to Fed. R. Civ. P. 26(a)(1), should be held in abeyance at least until after this Court
9 resolves the Maker Defendants' forthcoming motion to compel arbitration and the proper forum is
10 established.  *See* Fed. R. Civ. P. 26(a)(C) (A party must make initial disclosures "unless a different
11 time is set by stipulation or court order, or unless a party objects during the conference that initial
12 disclosures are not appropriate in this action and states the objection in the proposed discovery
13 plan").

14 **VIII.**   **Discovery**

15       No discovery has taken place to date.  As stated above in Section VII, the parties submit
16 that all discovery should be held in abeyance at least until the Court decides the Maker Defendants'
17 forthcoming motion to compel arbitration.

18 **IX.**   **Class Actions**

19       Plaintiff intends to bring this matter as a class action lawsuit; however, as detailed above,
20 the Maker Defendants intend to bring a motion to compel arbitration on an individual basis.  Thus,
21 the parties propose delaying setting a briefing schedule for class certification until at least after the
22 forthcoming motion to compel arbitration is resolved.

23 **X.**   **Related Cases**

24       To the parties' knowledge, there are currently no related cases or proceedings.

25 **XI.**   **Relief**

26       Plaintiff seeks monetary relief, compensatory and punitive damages.  Plaintiff alleges that,
27 but for the Defendants' misrepresentations and negligent failure to properly manage the auction

28

5

1   features it marketed on its currency-trading platforms, Plaintiff would not have lost the entire value
2   of Ethereum (a crypto currency) that he lost on March 12, 2020.  Rather, had the auction features
3   been working as advertised, Plaintiff – and all similarly situated class members – would have
4   recovered the market value of their "locked up" Ethereum less a 13% liquidation penalty and less
5   the value of the "borrowed" Ethereum.  Instead, Plaintiff – and all similarly situated class members
6   – received nothing.

7        Defendants dispute Plaintiff's allegations above, and disagree that Plaintiff is entitled to any
8   damages and that Plaintiff's calculation of damages is legally or factually correct.

9   **XII.   <u>Settlement and ADR</u>**

10       Pursuant to ADR L.R. 3-5, the parties have reviewed the Court's ADR handbook, discussed
11  the available ADR procedures, and are meeting and conferring regarding the same.  Plaintiff and
12  the Maker Defendants have engaged in informal settlement discussions.  Plaintiff and the Dai
13  Foundation have not engaged in ADR or settlement negotiations.

14  **XIII.   <u>Consent to Magistrate Judge For All Purposes</u>**

15       Plaintiff filed a Declination to Magistrate Judge Jurisdiction on May 14, 2020.  (*See* Dkt.
16  No. 10.)

17  **XIV.   <u>Other References</u>**

18       As stated above, Plaintiff and the Maker Defendants dispute whether Plaintiff should be
19  compelled to arbitrate his claims.  The Maker Defendants submit that by assenting to the Terms of
20  Service, Plaintiff agreed to individually arbitrate all claims arising from his use of the MakerDAO
21  platform.  Plaintiff disagrees with this contention.

22       The parties agree that this case is not suitable for reference to a special master or the
23  Judicial Panel on Multidistrict Litigation.

24  **XV.   <u>Narrowing of Issues</u>**

25       The parties are not currently aware of any issues that can be narrowed by agreement.

26

27

28

JOINT CASE MANAGEMENT STATEMENT                                    Case No. 3:20-cv-02569-MMC

1   **XVI.**   **Expedited Trial Procedure**

2         The parties do not believe that this case is suitable for the Expedited Trial Procedure of

3   General Order No. 64.

4   **XVII.**   **Scheduling**

5         Plaintiff and the Maker Defendants have agreed on a proposed briefing schedule for the

6   Maker Defendants' forthcoming motion to compel arbitration, which is set forth in Section IV

7   above.  Once the Court has resolved this threshold issue, the parties intend to meet and confer in

8   good faith regarding the remaining case schedule, including, as described above in Section IV,

9   Defendants' anticipated motions to dismiss the Amended Complaint.

10   **XVIII.** **Trial**

11         Plaintiff has requested a jury trial, and expects that a trial would last at least approximately

12   two weeks.  Defendants reserve all rights with respect to whether to strike Plaintiff's jury demand,

13   and believe that any estimate regarding the length of a trial is premature.

14   **XIX.**   **Disclosure of Non-Party Interested Entities or Persons**

15         Plaintiff filed  a "Certificate of Interested Entities or Persons" as required by Federal Rule

16   of Civil Procedure 7.1 and L.R. 3-15 on June 23, 2020.  (Dkt. No. 27.)  The Maker Defendants

17   filed a "Certificate of Interested Entities or Persons" on June 3, 2020.  (Dkt. No. 20.)  Dai

18   Foundation did so on July 1, 2020 (Dkt. No. 32)

19   **XX.**   **Professional Conduct**

20         All attorneys of record for the parties have reviewed the Guidelines for Professional

21   Conduct for the Northern District of California.

22   **XXI.**   **Other Matters**

23         The parties have no other matters to report at this time.

24

25

26

27

28

DATED:  July 2, 2020                    Respectfully submitted,

                                        HARRIS BERNE CHRISTENSEN LLP

                                        By: _____
                                                    */s/ Adam S. Heder*
                                                    ADAM S. HEDER
                                                    *Attorney for Plaintiff*


                                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP



                                        By: _____
                                                    */s/ Alexander C. Drylewski*
                                                    ALEXANDER C. DRYLEWSKI
                                                    *Attorneys for Defendants*
                                                    MAKER ECOSYSTEM GROWTH HOLDINGS, INC.
                                                    AND MAKER ECOSYSTEM GROWTH FOUNDATION


                                        HOGAN LOVELLS US LLP



                                        By: _____
                                                    */s/ Helen Y. Trac*
                                                    HELEN Y. TRAC
                                                    MICHELLE A. KISLOFF
                                                    *Attorneys for Defendant*
                                                    DAI FOUNDATION



                            **SIGNATURE ATTESTATION**

        Pursuant to Civil Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in

the filing of this document has been obtained from any other signatories to this document.


DATED: July 2, 2020
                                        By: _____
                                                    */s/ Alexander C. Drylewski*
                                                    Alexander C. Drylewski

JOINT CASE MANAGEMENT STATEMENT                              Case No. 3:20-cv-02569-MMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated:_____        _____

MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

1