1  PETER B. MORRISON (SBN 230148)
   peter.morrison@skadden.com
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
3  Los Angeles, California 90071-3144
   Telephone: (213) 687-5000
4  Facsimile:  (213) 687-5600

5  ALEXANDER C. DRYLEWSKI (*admitted pro hac vice*)
   alexander.drylewski@skadden.com
6  MICHAEL W. RESTEY JR. (*admitted pro hac vice*)
   michael.restey@skadden.com
7  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   One Manhattan West
8  New York, New York 10001
   Telephone: (212) 735-3000
9  Facsimile:  (212) 735-2000

10 *Attorneys for Defendants*
   MAKER ECOSYSTEM GROWTH
11 HOLDINGS, INC. AND MAKER
   ECOSYSTEM GROWTH
12 FOUNDATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER JOHNSON, individually and on behalf of all others similarly situated, | Case No.: 3:20-cv-02569-MMC |
| Plaintiff, | **THE MAKER DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO COMPEL ARBITRATION** |
| v. | |
| MAKER ECOSYSTEM GROWTH HOLDINGS, INC., a foreign corporation; MAKER ECOSYSTEM GROWTH FOUNDATION, a foreign corporation; and DAI FOUNDATION, a foreign corporation, | Date: October 2, 2020<br>Time: 9:00 a.m.<br>Courtroom: 7<br>Judge: Hon. Maxine M. Chesney |
| Defendants. | |

REQUEST FOR JUDICIAL NOTICE                                     Case No. 3:20-cv-02569-MMC

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that, pursuant to Federal Rule of Evidence 201, Defendants Maker Ecosystem Growth Holdings, Inc. and Maker Ecosystem Growth Foundation (the "Maker Defendants") respectfully request that the Court take judicial notice of Exhibit A to the Declaration of Peter B. Morrison in support of the Request for Judicial Notice, which is a copy of the American Arbitration Association ("AAA") Consumer Arbitration Rules, available at https://www.adr.org/sites/default/files/Consumer_Rules_Web_1.pdf.

DATED: July 15, 2020

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _/s/ Peter B. Morrison_
PETER B. MORRISON
*Attorneys for Defendants*
MAKER ECOSYSTEM GROWTH HOLDINGS, INC.
AND MAKER ECOSYSTEM GROWTH FOUNDATION

## MEMORANDUM OF POINTS AND AUTHORITIES

The Maker Defendants respectfully request that the Court judicially notice Exhibit A to the Declaration of Peter B. Morrison in support of the Request for Judicial Notice, which is a copy of the American Arbitration Association ("AAA") Consumer Arbitration Rules. A fact may be judicially noticeable by the Court if it is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Courts in the Ninth Circuit routinely take judicial notice of generally known and accepted arbitration rules. *See, e.g.*, *Reynosa-Juarez v. Accountable Healthcare Staffing, Inc.*, Case No. 5:18-cv-06302-EJD, 2019 WL 5814653, at *2 (N.D. Cal. Nov. 7, 2019) (taking judicial notice of the American Health Lawyers Association Dispute Resolution Service Rules of Procedure for Employment Arbitration); *Cooper v. Adobe Sys. Inc.*, Case No. 18-cv-06742-BLF, 2019 WL 5102609, at *4 (N.D. Cal. Oct. 11, 2019) (finding judicial notice of JAMS rules proper); *Mike Rose's Auto Body, Inc. v. Applied Underwriters Captive Risk Assurance Co.*, Case No. 16-cv-01864-EMC, 2016 WL 5407898, at *1 (N.D. Cal. Sept. 28, 2016) (same).

The AAA Consumer Arbitration Rules in particular fall within the definition of a fact that may be judicially noticeable because, being publicly available, they are "generally known within the trial court's territorial jurisdiction" and they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See, e.g.*, *Campos v. JPMorgan Chase Bank, NA*, Case No. 18-cv-06169-JSC, 2019 WL 827634, at *3 n.4 (N.D. Cal. Feb. 21, 2019) (granting defendant's request for judicial notice of the AAA Employment Arbitration Rules "because the documents are 'undisputed matters of public record.'") (citation omitted); *Brown v. Dow Chem. Co.*, Case No. 18-cv-07098-MMC, 2019 WL 484211, at *4 n.10 (N.D. Cal. Feb. 7, 2019) (Chesney, J.) (taking judicial notice of the AAA rules "as their content 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'") (citing Fed. R. Evid. 201(b)); *Kag W., LLC v. Malone*, Case No. 15-cv-03827-TEH, 2015 WL 6693690, at *3 n.2 (N.D. Cal. Nov. 3, 2015) (granting petitioners' request for judicial notice because the

AAA's Employment Arbitration Rules and Mediation Procedures as well as the AAA Supplementary Rules for Class Arbitration can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Abreu v. Slide, Inc.*, No. C 12-00412 WHA, 2012 WL 2873772, at *6 (N.D. Cal. July 12, 2012) (granting defendants' request that judicial notice be taken of the AAA's "'Consumer–Related Disputes Supplementary Procedures' and 'Supplementary Procedures for Consumer–Related Disputes Questions and Answers' retrieved from the American Arbitration Association's website").

## **CONCLUSION**

For the foregoing reasons, the Maker Defendants respectfully request that the Court judicially notice the AAA Consumer Arbitration Rules, attached as Exhibit A to the Declaration of Peter B. Morrison.

DATED: July 15, 2020

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _/s/ Peter B. Morrison_
PETER B. MORRISON
*Attorneys for Defendants*
MAKER ECOSYSTEM GROWTH HOLDINGS, INC.
AND MAKER ECOSYSTEM GROWTH FOUNDATION