PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

ALEXANDER C. DRYLEWSKI (admitted *pro hac vice*)
alexander.drylewski@skadden.com
MICHAEL W. RESTEY JR. (admitted *pro hac vice*)
michael.restey@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile:  (212) 735-2000

*Attorneys for Defendants*
MAKER ECOSYSTEM GROWTH HOLDINGS, INC.
AND MAKER ECOSYSTEM GROWTH FOUNDATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER JOHNSON, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAKER ECOSYSTEM GROWTH HOLDINGS, INC., a foreign corporation; MAKER ECOSYSTEM GROWTH FOUNDATION, a foreign corporation; and DAI FOUNDATION, a foreign corporation,<br><br>Defendants. | Case No.: 3:20-cv-02569-MMC<br><br>**THE MAKER DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST TO FILE SUR-REPLY BRIEF**<br><br>Date:         October 2, 2020<br>Time:         9:00 a.m.<br>Courtroom:  7<br>Judge:        Hon. Maxine M. Chesney |

The Maker Defendants respectfully submit this opposition to Plaintiff's request to file a sur-reply in connection with the Maker Defendants' Motion to Compel Arbitration (the "Request").[1]

## I. Introduction

Plaintiff's purported sur-reply ("Sur-Reply") is improper.  Contrary to his assertion, the purported Sur-Reply fails to identify any "new arguments" in the Maker Defendants' Reply Brief to which Plaintiff must respond.  Rather, Plaintiff concedes that the purported Sur-Reply merely reiterates the same arguments Plaintiff already asserted in his previous Opposition brief.  His very own Sur-Reply states that its arguments are the same as those "laid out in the Opposition." (Sur-Reply at 1.)  Accordingly, Plaintiff cannot identify a proper basis for a sur-reply, and the Court should deny Plaintiff's Request.

In addition, Plaintiff's purported Sur-Reply underscores why the Court should grant the Maker Defendants' motion to compel arbitration (the "Motion"). (Sur-Reply at 3.)  The Sur-Reply, just like Plaintiff's Opposition, makes clear that Plaintiff's arguments concern the *scope* of the 2018 Terms of Service.  The 2018 Terms of Service, to which Plaintiff has conceded he knowingly assented, delegate resolution of questions about scope to the arbitrator, as opposed to the Court.

## II. Plaintiff Fails to Meet the Standard for Submission of a Sur-Reply

A court should permit a sur-reply "only where a valid reason for such additional briefing exists." *Viasat, Inc. v. Acacia Commc'ns, Inc.*, No. 3:16-CV-00463-BEN-JMA, 2018 WL 3198798, at *1 (S.D. Cal. June 26, 2018) (citing *Hill v. England*, No. CV-F-05869-REC-TAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005)).  Courts permit sur-replies, unlike here, when parties raise new arguments in their reply brief not addressed in their opening papers. *See, e.g.*, *Sekera v. Allstate Ins. Co.*, 763 F. App'x 629, 632 (9th Cir. 2019); *Ghosh v. City of Berkeley*, No. C-14-2922 MMC, 2015 WL 1516925, at *1 n.1 (N.D. Cal. Apr. 1, 2015) (Chesney, J.).

Here, Plaintiff contends the Court should permit the filing of a sur-reply because the Maker Defendants asserted new arguments "not addressed or contemplated by their opening brief." (Request at 1.)  Plaintiff is wrong.

---

[1] Unless otherwise indicated, all capitalized terms have the same meanings ascribed to them in the Maker Defendants' reply in further support of the Motion to Compel Arbitration (ECF No. 44, "Reply").

1

<u>First</u>, Plaintiff's Sur-Reply does not respond to any new argument the Maker Defendants asserted in reply. Rather, Plaintiff's Sur-Reply repeats the same arguments Plaintiff asserted in his Opposition brief. *See Cooper v. Curallux LLC*, No. 20-cv-02455-PJH, 2020 WL 4051466, at *1 (N.D. Cal. July 20, 2020) ("Upon review, the sur-reply does not address any new issues raised in the reply and only seeks to get in the last word on cases cited by defendant."). For example, Plaintiff again argues that the single-collateral DAI system is a separate and distinct product from the multi-collateral DAI system. (Sur-Reply at 1-4; *cf.* Opp. at 16-17.) In doing so, Plaintiff relies on the same purported bases identified in his Opposition and ***explicitly recognizes*** that he is repeating his Opposition arguments. (Sur-Reply at 1-2 ("***As laid out in the Opposition***, 'the entire core' of the CDP-based Sai System had to be "rewritten," and that to take advantage of the Vault-based Dai System users had to 'upgrade' to the Dai System . . . .").) Courts repeatedly hold that a sur-reply is inappropriate where it reargues the same points previously asserted. *See, e.g.*, *Opticurrent, LLC v. Power Integrations, Inc.*, No. 17-cv-03597-WHO, 2018 WL 6727826, at *17 (N.D. Cal. Dec. 21, 2018).

<u>Second</u>, Plaintiff takes issue with the Maker Defendants' citation in the reply brief to *Cooper v. Adobe Systems Inc.*, No. 18-cv-06742-BLF, 2019 WL 5102609 (N.D. Cal. Oct. 11, 2019). The Maker Defendants cited *Adobe Systems Inc.* to demonstrate that (i) Plaintiff's position concerns the scope of the arbitration agreement at issue, not whether an agreement to arbitrate exists, and (ii) the 2018 Terms of Service delegate any questions concerning the scope of the arbitration provision to the arbitrator as opposed to this Court. (*See* Reply at 6-7.) Such citation directly responds to Plaintiff's position in his Opposition (Opp. at 14-16), and supports the arguments the Maker Defendants explicitly first raised in their Opening Brief. (*See* Maker Def. Br. at 12-13.)[2] The Maker Defendants' citation to a new *case* on Reply, as opposed to the assertion of a new *argument* on Reply,

---

[2] Plaintiff's argument that the Court must give him the benefit of all reasonable inferences on this motion is incorrect. The sole case upon which he relies (Sur-Reply at 3) involved a dispute as to the existence of an arbitration agreement. Here, by contrast, Plaintiff's argument goes to the scope of the 2018 Terms of Service and not whether a contract was formed in the first place. In cases involving disputes about the scope of a valid arbitration agreement, the "liberal federal policy favoring arbitration" applies. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citation omitted); *Republic of Nicar. v. Standard Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991).

*(cont'd)*

is not grounds for permitting a sur-reply, particularly when such citation supports the very arguments the Maker Defendants asserted in their Opening Brief. *See* Order Denying Plaintiffs' Surreply Motion for Leave to File, *Emma C. v. Delaine Eastin*, No. 96-cv-04179-TEH (N.D. Cal. July 31, 2015) ("Allowing non-moving parties to file a surreply every time a reply includes additional case support would effectively institute a four-part briefing schedule.").[3]

Third, and again contrary to Plaintiff's position, the Maker Defendants' arguments regarding the scope of the 2018 Terms of Service are not new. Rather, they are directly responsive to arguments Plaintiff made in his Opposition, in which Plaintiff argued repeatedly that the scope of the 2018 Terms of Service did not cover the dispute at issue. (Opp. at 14-20.) In their Reply, the Maker Defendants responded that Plaintiff's argument was solely a challenge about the scope of the 2018 Terms of Service, and therefore, as argued in their Opening Brief, the Court should compel arbitration because the 2018 Terms of Service delegate all such questions to the arbitrator as opposed to this Court. (Reply at 5-9.) The Maker Defendants are permitted to respond to arguments raised in the Opposition, and such responses do not open the door to a sur-reply. *See Synopsys, Inc. v. Mentor Graphics Corp.*, No. 12-6467 C MMC, 2013 WL 6577143, at *1 (N.D. Cal. Dec. 13, 2013) (Chesney, J.) (denying request to file sur-reply where Defendants' arguments were not new, but rather were responsive to the arguments in Plaintiff's opposition); *Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*, No. 19-cv-05784-JST, 2020 WL 1548513, at *4 n.9 (N.D. Cal. Mar. 5, 2020) (same); *Hill v. Xerox Corp.*, No. C12-0717-JCC, 2014 WL 3396098, at *5 (W.D. Wash. July 10, 2014) ("[T]he 'new' subjects raised in the Reply are largely responses to Defendants' arguments. Plaintiff was not required to anticipate Defendants' arguments, and the failure to do so does not justify another round of lengthy briefing."), *aff'd sub nom. Hill v. Xerox Bus. Servs., LLC*, 771 F. App'x 771 (9th Cir. 2019).

---

[3] In this regard, Plaintiff also seeks to rely on Local Rule 7-3(d)(1) to justify his Sur-Reply. (Request at 2.) Plaintiff misunderstands this Local Rule. Rule 7-3(d)(1) allows a party to file an objection based on new *evidence*. A case citation is not evidence. Accordingly, Rule 7-3(d)(1) does not apply. In any event, an objection to new evidence under 7-3(d)(1) must be filed within seven days of the reply, may not exceed five pages of text, and cannot include further argument on the motion. Here, Plaintiff's filing came more than seven days after the reply, exceeds five pages of text, and includes further argument. Plaintiff also argues that his Request should be granted because this is "a matter of public importance." Tellingly, Plaintiff cites no authority to support this contention.

### III. The Purported Sur-Reply Confirms That the Court Should Compel Arbitration

Plaintiff's Sur-Reply underscores why the Court should grant the Maker Defendants' Motion. In addition to the repetition of arguments he made in his Opposition, Plaintiff's Sur-Reply again makes critical admissions that are dispositive to this Motion. In the purported Sur-Reply, Plaintiff concedes: "*[a]t issue, then, is . . . whether the 2018 Terms—or any terms at all—can be enforced with regard to Vaults*." (Sur-Reply at 3.) This is the Maker Defendants' very point. As explained in the Reply, Plaintiff's Opposition is nothing more than a disagreement as to the *scope* of the 2018 Terms of Service (*i.e.*, whether the 2018 Terms of Service—the only agreement that the Maker Defendants seek to enforce through this motion—apply to Plaintiff's claims). (Reply at 5-7.) Plaintiff concedes in the Opposition that he knowingly assented to the 2018 Terms of Service by affirmatively clicking his acceptance. (Opp. at 3-4, 6.) Accordingly, because the 2018 Terms of Service delegate issues of arbitrability, an arbitrator as opposed to the Court must decide any questions concerning whether that valid agreement encompasses Plaintiff's claims. (Reply at 7-9.)[4]

Additionally, Plaintiff claims that he stands ready to amend his Amended Complaint to "conform" to his new theory of liability, asserted for the first time in his Opposition in order to avoid the consequences of the arbitration provision in the 2018 Terms of Service. (Sur-Reply at 2 n.4.) This highlights that Plaintiff sought to rely on the opening of his account in 2018 in his Complaint (thus implicating the 2018 Terms of Service and the risk disclosures and arbitration provision contained therein), which he is seeking to disavow now that it is contrary to his desire to avoid

---

[4] Plaintiff also argues that, in order for the 2018 Terms of Service to apply, they needed to be modified, which is only permissible with Plaintiff's consent. (Sur-Reply at 2-3.) This argument, like all of Plaintiff's arguments, goes to the scope of the 2018 Terms of Service and has been delegated to the arbitrator to decide. Plaintiff tellingly does not point to any language in the 2018 Terms of Service that limits the application of such 2018 Terms of Service in the manner Plaintiff suggests. To the contrary, the plain terms of the 2018 Terms of Service provide that the arbitration provision continues to apply after termination of the agreement. (Reply at 6.) The only case Plaintiff cites on this point, *Douglas*, addresses whether a defendant may seek to enforce a later-revised set of terms of which the plaintiff was not notified. *See Douglas v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 495 F.3d 1062, 1065-66 (9th Cir. 2007). This case is inapposite here, as Defendants only seek to enforce the 2018 Terms of Service—the very terms to which Plaintiff admittedly agreed. While Plaintiff suggests in his Sur-Reply, for the first time, that the Maker Defendants cannot enforce the 2018 Terms of Service, this issue was raised in the Maker Defendants' Opening Brief and Plaintiff could and should have addressed it in his Opposition, which he did not. A sur-reply is not the proper vehicle to belatedly raise arguments that were not raised in opposition. *See Morales v. Lexxiom, Inc.*, No. CV 09-6549 SVW (DTBx), 2010 WL 11507515, at *9 (C.D. Cal. Jan. 29, 2010).

*(cont'd)*

arbitration. Courts regularly reject such strategies to avoid arbitration. *See, e.g.*, *Larson v. Speetjens*, No. C05-3176 SBA, 2006 WL 2567873, at *7 (N.D. Cal. Sept. 5, 2006) ("No person can be permitted to adopt that part of an entire transaction which is beneficial to him/her, and then reject its burdens."), *order clarified*, No. C05-3176 SBA, 2006 WL 3365589 (N.D. Cal. Nov. 17, 2006); *Daniels v. Painter*, No. CV 16-03782-RSWL-Ex, 2016 WL 11498957, at *7 (C.D. Cal. Sept. 16, 2016) ("Court[s] can look to the complaint for duties the [d]efendant has [allegedly] breached to determine the interconnectedness of the claims and the underlying contract."); *see also* (Maker Def. Br. at 14-18; Reply at 12). The Court should do so here as well.[5]

## IV.  Conclusion

For the reasons above, the Court should deny Plaintiff's Request for Sur-Reply in this matter. If the Court grants Plaintiff's Request, the Maker Defendants respectfully request leave to file a brief in response thereto.

DATED:        September 15, 2020

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:    */s/ Peter B. Morrison*
PETER B. MORRISON
*Attorneys for Defendants*
MAKER ECOSYSTEM GROWTH HOLDINGS, INC.
AND MAKER ECOSYSTEM GROWTH FOUNDATION

---

[5] Although Plaintiff's Sur-Reply should not be considered, his attempt to distinguish *Cooper v. Adobe Systems Inc.*, No. 18-cv-06742-BLF, 2019 WL 5102609 (N.D. Cal. Oct. 11, 2019), also lacks all merit. Charitably read, Plaintiff asserts that *Adobe Systems Inc.* is distinguishable because (1) Adobe was a party to the terms at issue, (2) there were no changes between different versions of Adobe's terms, and (3) the parties did not contest the application of the terms to the different products. (Sur-Reply at 4-6.) As to the first point, this is a transparent attempt to respond to an argument the Maker Defendants made in their Opening Brief (Maker Def. Br. 13-18), to which Plaintiff apparently chose not to respond in his Opposition. Regarding Plaintiff's second point, the court in *Adobe Systems Inc.* actually said nothing about different versions of Adobe's terms, instead only noting that the dispute resolution procedure did not change between the time that Plaintiff "clicked and accepted" the terms and later accessed the problematic software. 2019 WL 5102609, at *3. That is indistinguishable from the facts here. Finally, Plaintiff's third argument entirely misses the point. The plaintiff in *Adobe Systems Inc.* argued that his use of the software was not encompassed by the terms of service to which he agreed when using a different program. That is the exact situation here.