IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAKER ECOSYSTEM GROWTH HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 20-cv-02569-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION; VACATING HEARING; STAYING CLAIMS** |

Before the Court is defendants Maker Ecosystem Growth Holdings, Inc. and Maker Ecosystem Growth Foundation's (collectively, "Maker Defendants") Motion to Compel Arbitration, filed July 15, 2020. Plaintiff has filed opposition, to which the Maker Defendants have replied.[1] Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for October 2, 2020, and rules as follows.

In 2018, plaintiff, by a "click-wrap" agreement titled "Dai Terms of Service" ("Terms of Service"),[2] "signed up" to be a user on a digital currency platform managed by the Maker Defendants. (See FAC ¶ 1; Pl.'s Opp. at 3:20-23, 6:1-10.)

By the instant motion, the Maker Defendants seek an order compelling arbitration

---

[1] Plaintiff's request for leave to file a sur-reply is hereby DENIED, as, contrary to plaintiff's assertion, the Maker Defendants did not raise new arguments in their reply. Even if the Court were to consider plaintiff's proposed sur-reply, however, the Court's findings herein would remain unchanged.

[2] DAI is a digital currency developed by the Maker Defendants. (See First Am. Compl. ("FAC") ¶ 1.)

pursuant to the arbitration clause set forth in the Terms of Service, which clause, in relevant part, provides as follows:

> 12.2 Binding Arbitration
>
> If we cannot resolve the dispute through good-faith negotiations, you and we agree that any dispute arising under this Agreement shall be finally settled in binding arbitration, on an individual basis, in accordance with the American Arbitration Association's rules for arbitration of consumer-related disputes (accessible at https://www.adr.org/sites/default/files/Consumer%20Rules.pdf) and you and MakerDAO hereby expressly waive trial by jury and right to participate in a class action lawsuit or class-wide arbitration.

(See Becker Decl., filed July 15, 2020, Ex. A at 9-10.)

The American Arbitration Association's ("AAA") rules, in turn, provide, in relevant part: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." (See Defs.' Request for Judicial Notice Ex. A at 17.)[3]

Plaintiff does not dispute he "reviewed and agreed to" the Terms of Service (see Pl.'s Opp. at 3:21-22), and, other than suggesting arbitration agreements that delegate arbitrability to the arbitrator by incorporating the AAA rules are not enforceable against a party who is, as plaintiff characterizes himself, "unsophisticated,"[4] plaintiff does not

---

[3] The Maker Defendants' request for judicial notice of the AAA "Consumer Arbitration Rules" is hereby GRANTED. See Fed. R. Evid. 201(b) (providing court may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); see also, e.g., Esguerra-Aguilar, Inc. v. Shapes Franchising, LLC, No. 20-CV-00574-BLF, 2020 WL 3869186, at *2 (N.D. Cal. July 9, 2020) (taking judicial notice of AAA "Commercial Arbitration Rules and Mediation Procedures").

[4] As plaintiff acknowledges there is "a split in the Ninth Circuit District Courts about whether incorporating the AAA Rules by references applies to unsophisticated parties" (see Pl.'s Opp. at 19 n.45.), and, in any event, in this instance, the Court, based on the record before it, finds plaintiff is not unsophisticated. (See, e.g.,FAC ¶¶ 1, 4 (alleging plaintiff was "an early investor in ETH," a "digital currency that is the primary collateral for DAI," and "actively participated in [the Maker Defendant's] software offerings"); Johnson Decl., filed Aug. 17, 2020, ¶ 8 (averring, "I tracked the Maker Platform closely, reading blogs, forums, and posts from Maker Entities members and officers").)

challenge the Maker Defendants' right to enforce the arbitration agreement contained in the Terms of Service.  (See Pl.'s Opp. at 19 n.45.)  Rather, plaintiff argues the Terms of Service, including the arbitration clause contained therein, are "not relevant here" because, in 2019, he signed up for a different digital platform offered by the Maker Defendants, and, according to plaintiff, his claims concern the manner in which the Maker Defendants managed that subsequent platform.  (See id. at 4:22-23.)

As the Maker Defendants point out, however, plaintiff's argument goes to whether his claims "fall within the scope" of the arbitration clause, a question which, the Maker Defendants contend, "must be decided by the arbitrator in the first instance."  (See Defs.' Reply at 2:13-15.)  The Court agrees.

As discussed above, the arbitration clause incorporates the AAA rules, and, pursuant to those rules, "the arbitrability of any claim" is delegated to the arbitrator.  (See Defs.' Request for Judicial Notice Ex. A at 17.)  Under such circumstances, the Court finds plaintiff agreed to delegate to the arbitrator the issue of arbitrability.  See Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015) (holding "incorporation of the AAA rules constitutes clear and unmistakable evidence" of agreement to delegate arbitrability); see also McLellan v. FitBit, Inc., No. 16-CV-00036-JD, 2017 WL 4551484, at *3 (N.D. Cal. Oct. 11, 2017) (finding agreement to delegate arbitrability where consumer contract contained arbitration clause incorporating AAA rules).

## CONCLUSION

For the reasons stated above, the Maker Defendants' motion is hereby GRANTED, and plaintiff's claims against the Maker Defendants are hereby STAYED pending completion of arbitration proceedings.

**IT IS SO ORDERED.**

Dated: September 25, 2020

MAXINE M. CHESNEY
United States District Judge