1  PETER B. MORRISON (SBN 230148)
   peter.morrison@skadden.com
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
3  Los Angeles, California 90071-3144
   Telephone: (213) 687-5000
4  Facsimile:  (213) 687-5600

5  ALEXANDER C. DRYLEWSKI (*admitted pro hac vice*)
   alexander.drylewski@skadden.com
6  MICHAEL W. RESTEY JR. (*admitted pro hac vice*)
   michael.restey@skadden.com
7  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   One Manhattan West
8  New York, New York 10001
   Telephone: (212) 735-3000
9  Facsimile:  (212) 735-2000

10 *Attorneys for Defendants*
   MAKER ECOSYSTEM GROWTH
11 HOLDINGS, INC. AND MAKER
   ECOSYSTEM GROWTH FOUNDATION

12

13                  **IN THE UNITED STATES DISTRICT COURT**

14              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15                          **SAN FRANCISCO DIVISION**

16 PETER JOHNSON, individually and on          )   Case No.: 3:20-cv-02569-MMC
   behalf of all others similarly situated,    )
17                                             )   **THE MAKER DEFENDANTS' OPPOSITION**
                                               )   **TO PLAINTIFF'S MOTION FOR**
                          Plaintiff,           )   **PERMISSION TO SEEK INTERLOCUTORY**
18                                             )   **REVIEW PURSUANT TO 28 U.S.C. § 1292(b)**
              v.                               )
19                                             )
   MAKER ECOSYSTEM GROWTH                      )   Date:        December 18, 2020
20 HOLDINGS, INC., a foreign corporation;      )   Time:        9:00 a.m.
   MAKER ECOSYSTEM GROWTH                      )   Courtroom:   7
21 FOUNDATION, a foreign corporation;          )   Judge:       Hon. Maxine M. Chesney
   and DAI FOUNDATION, a foreign               )
22 corporation,                                )
                                               )
23                        Defendants.          )
                                               )
24 _____           )

25

26

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PERMISSION
TO SEEK INTERLOCUTORY REVIEW                                    Case No. 3:20-cv-02569-MMC

# TABLE OF CONTENTS

Page

INTRODUCTION ....................................................................................................1

ARGUMENT.........................................................................................................2

    I.    Plaintiff's Motion is Untimely..................................................................2

    II.    Plaintiff Fails To Demonstrate That An Interlocutory Appeal Is Warranted ..........3

        A.    Plaintiff's Assertion That The Court Failed To Review The 2019 Terms Of Service Fails To Satisfy Section 1292(b) ....................................4

        B.    Plaintiff's Argument That He Is Not Sophisticated Fails To Satisfy Section 1292(b).................................................7

CONCLUSION.........................................................................................................10

i

1    The Maker Defendants respectfully submit this opposition to Plaintiff's Request to Seek

2  Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) (the "Motion").[1]

3                                   **INTRODUCTION**

4    The Court should summarily deny Plaintiff's Motion seeking an interlocutory appeal of the

5  Court's order compelling arbitration because Plaintiff does not come remotely close to meeting the

6  required standard.  The Federal Arbitration Act provides that an appeal may not be taken from an

7  order compelling arbitration unless certified by the district court under 28 U.S.C. § 1292(b) ("section

8  1292(b)").  9 U.S.C. § 16.  A section 1292(b) interlocutory appeal may be granted only in

9  "exceptional situations," and only when three requirements are satisfied—namely, that (1) the order

10  involves a controlling question of law, (2) as to which there is substantial ground for difference of

11  opinion, and (3) appealing the order may materially advance the ultimate termination of the litigation.

12  28 U.S.C. § 1292(b); *Shumye v. Felleke*, 2008 WL 1815802, at *1 (N.D. Cal. Apr. 22, 2008)

13  (Chesney, J.).  Here, Plaintiff seeks interlocutory appellate review concerning whether the Court

14  erred on two issues: (1) deciding "the Arbitration Order without requiring production and review of

15  the 2019 Terms"; and (2) "determin[ing] that Mr. Johnson was sophisticated based solely on his

16  cryptocurrency and technical knowledge."  (Motion at 1-2.)  The Court should deny the Motion

17  because Plaintiff filed it too late and because he fails to satisfy any of 1292(b)'s three requirements

18  for either question he seeks to certify.

19    As an initial matter, Plaintiff's Motion—filed over seven weeks after this Court granted the

20  Maker Defendants' motion to compel arbitration on September 25, 2020 (ECF No. 48 (the

21  "Arbitration Order"))—is inexcusably dilatory, and Plaintiff can provide no plausible justification

22  for his delay.  The Court should deny Plaintiff's Motion on that basis alone.

23    Even if the Court were to reach the merits of Plaintiff's request, the Motion fails entirely.

24  Plaintiff does not even attempt to demonstrate that either question for which he seeks an interlocutory

25  appeal concerns a question of controlling law, much less a question of controlling law involving a

26

27  [1] Unless otherwise indicated, all capitalized terms have the same meanings ascribed to them in
28  Plaintiff's Motion.  All citations are omitted unless otherwise stated.

1

1  substantial difference of opinion among courts.  Instead, Plaintiff (1) retreats to arguments that this

2  Court deemed irrelevant to the disposition of the motion to compel, or (2) makes new arguments that

3  were not previously advanced.  Thus, Plaintiff completely fails to satisfy the first two requirements

4  for section 1292(b) certification.

5  Likewise, Plaintiff is also unable to demonstrate that an interlocutory appeal on these issues

6  will materially move this action towards a resolution.  Rather, inserting an additional layer of

7  appellate review will only delay this action with no benefit.  Resolution of the purported questions

8  Plaintiff seeks to certify cannot and will not alter the Court's ruling or answer the threshold question

9  of arbitrability, which the Court correctly held should be delegated to the arbitrator in the first

10  instance.  As such, certifying an interlocutory appeal will not materially advance the action, yet one

11  more reason to deny the Motion.

12  In truth, Plaintiff's Motion constitutes nothing more than his disagreement with the outcome

13  of the Court's Arbitration Order after the Court properly applied settled law to the facts presented.

14  But simply disagreeing with a court's conclusion is wholly insufficient to warrant interlocutory

15  appeal.  *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  In the end, there is no reason

16  whatsoever to entertain Plaintiff's ill-conceived Motion.

17  **ARGUMENT**

18  **I.      Plaintiff's Motion is Untimely**

19  First, this Court should deny Plaintiff's Motion because it is untimely.  Although section

20  1292(b) contains no specified time limit for seeking certification, it "provides for an 'immediate

21  appeal,' and 'a district judge should not grant an inexcusably dilatory request.'"  *DeLuca v. Farmers*

22  *Ins. Exch.*, 2019 WL 4260437, at *3 (N.D. Cal. Sept. 9, 2019) (quoting *Richardson Electronics, Ltd.*

23  *v. Panache Broad. of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)).  Reflecting section

24  1292(b)'s expedited nature, courts have interpreted it to impose a requirement that parties

25  immediately request certification of an interlocutory appeal from the district court.  *Spears v.*

26  *Washington Mut. Bank FA*, 2010 WL 54755, at *1 (N.D. Cal. Jan. 8, 2010); *DeLuca*, 2019 WL

27  4260437, at *3.

28

2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PERMISSION
TO SEEK INTERLOCUTORY REVIEW                                                    Case No. 3:20-cv-02569-MMC

1       Here, Plaintiff's request is inexcusably dilatory.  The Court granted the Maker Defendants'

2  motion to compel arbitration on September 25, 2020, yet Plaintiff waited nearly *seven weeks* to file

3  his nine-page Motion on November 13, 2020.  (Motion at 1).  Plaintiff offers no explanation for this

4  prolonged delay; nor could Plaintiff plausibly do so, as he undoubtedly was well aware of both

5  questions he seeks to certify no later than September 25 when the Court issued its opinion.  (ECF

6  No. 48.)  There has been virtually no activity in this case since that time.[2]  Courts have denied motions

7  under section 1292(b) as untimely for even shorter delays than the one present here.  *See DeLuca*,

8  2019 WL 4260437 at *8 (section 1292(b) motion filed forty-five days after the court's order deemed

9  untimely in the absence of a valid reason for the delay); *Morton Coll. Bd. Of Trs. Of Ill. Cmty. Coll.*

10  *Dist. No. 527 v. Town of Cicero*, 25 F. Supp. 2d 882, 885 (N.D. Ill. Nov. 9, 1998) (thirty-day delay

11  rendered motion untimely in light of insufficient reason to justify the delay).  Accordingly, the Court

12  should deny Plaintiff's Motion as untimely.

13  **II.**      **Plaintiff Fails To Demonstrate That An Interlocutory Appeal Is Warranted**

14       Separately, the Court should deny Plaintiff's Motion because he does not remotely

15  demonstrate the "exceptional" circumstances required for the Court to certify an interlocutory appeal.

16  Under section 1292(b), a district court may certify an appeal of an interlocutory order if (1) the order

17  involves a controlling question of law, (2) as to which there is substantial ground for difference of

18  opinion and (3) appealing the order may materially advance the ultimate termination of the litigation.

19  28 U.S.C. § 1292(b); *Shumye*, 2008 WL 1815802, at *1.  All three requirements must be met for

20  certification.  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

21       Section 1292(b) is a "departure from the normal rule that only final judgments are

22  appealable." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).  As a result,

23  this exception "must be construed narrowly." *Id.*  An interlocutory appeal should be granted "only

24  in exceptional situations in which allowing [such an appeal] would avoid protracted and expensive

25  litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981); *Shumye*, 2008 WL

26

27  [2] Plaintiff's only activity has been to dismiss without prejudice its remaining claims against the Dai

28  Foundation.  (ECF No. 49.)

3

1    1815802, at \*1.  The party pursuing the interlocutory appeal bears the burden of demonstrating that

2    section 1292(b)'s requirements are satisfied.  *Couch*, 611 F.3d at 633.  Plaintiff fails to meet any,

3    much less all, of the statutory requirements for the certification of an interlocutory appeal for either

4    question he seeks to certify.

5          **A.       Plaintiff's Assertion That The Court Failed To Review The 2019 Terms Of
6                     Service Fails To Satisfy Section 1292(b)**

7          Plaintiff requests that this Court certify for interlocutory review whether "it was error to . . .

8    decide the Arbitration Order without requiring the production and review of the 2019 Terms."

9    (Motion at 1.)  This question does not remotely satisfy the three-part criteria for 1292(b) certification.

10         First, Plaintiff does not even attempt to identify a controlling question of law.  This alone is

11   dispositive.  "A question is controlling if resolution of the issue on appeal could materially affect the

12   outcome of litigation in the district court."  *Surf City Steel, Inc. v. Int'l Longshore & Warehouse*

13   *Union*, 2016 WL 10637079, at \*7 (C.D. Cal. Dec. 28, 2016), *aff'd*, 780 F. App'x 467 (9th Cir. 2019).

14   The issue must be "of the meaning of a statutory or constitutional provision, regulation, or common

15   law doctrine rather than a reexamination of the facts or application of the law to the case."  *Id.*

16         Here, Plaintiff's purported question merely quibbles with whether the Court should have

17   required the production and review of the 2019 Terms of Service, even though the Maker Defendants

18   moved to compel arbitration ***only*** under the 2018 Terms of Service, to which Plaintiff conceded he

19   assented.   Plaintiff's question only concerns which facts the Court considered in reaching its

20   conclusion, not any controlling question of law, much less one concerning a "statutory or

21   constitutional provision, regulation, or common law doctrine."  *Id.*  This is plainly insufficient under

22   section 1292(b).  *Id.* ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there

23   is a genuine issue of fact, or whether the district court properly applied settled law to the facts.").

24   The Court need go no further.

25         Plaintiff equally fails to satisfy the second criterion—whether substantial grounds for

26   difference of opinion exists concerning the supposed controlling question of law.   "Courts

27   traditionally will find that a substantial ground for difference of opinion exists where the circuits are

28

4

1    in dispute on the question and the court of appeals of the circuit has not spoken on the point, if

2    complicated questions arise under foreign law, or if novel and difficult questions of first impression

3    are presented." *Couch*, 611 F.3d at 633.  Here, Plaintiff does not identify a controlling issue;

4    therefore, it should come as no surprise that he does not identify any difference of opinion concerning

5    the unidentified controlling issue of law.  Plaintiff simply does not point to any novel or difficult

6    legal question, any dispute between the courts on any question of law, or any complicated question

7    under foreign law.  Indeed, Plaintiff does not offer a single case to show that a debate about any legal

8    issue exists, much less cite a single case contrary to this Court's Arbitration Order.  This complete

9    failure too is dispositive.

10         Third, Plaintiff fails to establish the final requirement for permitting an interlocutory

11   appeal—that resolution of the certified question will materially advance the termination of this

12   action.  Section 1292(b)'s purpose is to "facilitate disposition of the action by getting a final decision

13   on a controlling legal issue sooner rather than later," in order to "save the courts and the litigants

14   unnecessary trouble and expense." *John v. United States*, 247 F.3d 1032, 1051 (9th Cir. 2001) (en

15   banc) (Rymer, J., special statement).  Meeting such standard here is impossible.

16         The Court's Arbitration Order compelled this action to arbitration so that the arbitrator could

17   decide whether the dispute falls within the scope of the arbitration clause in the 2018 Terms of

18   Service.  Thus, to satisfy section 1292(b)'s third requirement, Plaintiff must demonstrate that (1)

19   having the Ninth Circuit resolve that question on appeal, and, (2) assuming reversal, having the

20   Court, as opposed to the arbitrator, decide the issue of arbitrability once remanded, materially

21   advances termination of this action, and does so in a manner far more efficient than if (3) an arbitrator

22   simply decide arbitrability in the first instance.  Plaintiff does not, and cannot, make such a showing.

23         Assuming *arguendo* that this Court granted Plaintiff's Motion, the parties would first litigate

24   an entire appellate process.  Then, on remand, the parties would first litigate the threshold question

25   of arbitrability with either the arbitrator or this Court.  In that scenario, Plaintiff's interlocutory appeal

26   would serve only to inject more costs and time into the litigation than if the parties simply litigated

27   the issue of arbitrability before the arbitrator now.  For this reason, courts have repeatedly rejected

28

5

1  the same position Plaintiff advances here.  *See, e.g.*, *Diaz v. Intuit, Inc.*, 2018 WL 934875, at \*2

2  (N.D. Cal. Feb. 6, 2018) ("[A]n interlocutory appeal at this stage in the proceedings is likely to delay

3  the case even more than it already has been.  Even if Plaintiffs were granted leave to pursue an

4  interlocutory appeal and prevailed, the only practical difference would be that the Court, and not an

5  arbitrator, would decide whether Plaintiffs' claims are subject to arbitration."); *see also Bushley v.*

6  *Credit Suisse First Boston*, 360 F.3d 1149, 1153 n.1 (9th Cir. 2004) ("Unnecessary delay of the

7  arbitral process through appellate review is disfavored.").

8  　　　Likewise, Plaintiff's feigned complaint about purported "procedural difficulties" he may face

9  if he has to seek review of an arbitrator's future determinations is makeweight.  If the purported

10  difficulty in seeking appellate review following arbitration was grounds for an interlocutory appeal

11  of an order compelling arbitration, then every order compelling arbitration would be subject to

12  1292(b) interlocutory appeal.  The opposite is true.  *Bushley*, 360 F.3d at 1153 n.1.

13  　　　Ultimately, Plaintiff does not bring his Motion because he has any ability to satisfy the three

14  requisites for an interlocutory appeal.   Rather, Plaintiff's Motion merely boils down to a

15  disagreement with the Court's Arbitration Order, and in particular, the Court's proper focus on the

16  2018 Terms of Service.  Unfortunately for Plaintiff, that is not a valid basis on which to seek

17  interlocutory appeal.   *Couch*, 611 F.3d at 633; *Shumye*, 2008 WL 1815802, at \*1 ("[M]ere

18  disagreement with a court ruling" is an insufficient basis to certify an interlocutory appeal under

19  section 1292(b)); *see also Vasquez v. Libre by Nexus, Inc.*, 2018 WL 9868570, at \*4 (N.D. Cal. Nov.

20  20, 2018).

21  　　　Worse, while Plaintiff complains that the Court did not consider the 2019 Terms of Service,

22  and that omission somehow is grounds for the extraordinary interlocutory appeal he seeks, Plaintiff

23  simultaneously ignores that the 2019 Terms of Service were ***entirely irrelevant*** to the Court's

24  conclusions.  As the Arbitration Order makes clear, the Maker Defendants only sought to compel

25  arbitration pursuant to the ***2018*** Terms of Service, ***not*** the 2019 Terms of Service.  (*See* Arbitration

26  Order at 1.)   Thus, the Court had no reason to review the 2019 Terms of Service to reach its

27

28

6

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PERMISSION
TO SEEK INTERLOCUTORY REVIEW                                   Case No. 3:20-cv-02569-MMC

1    conclusion.  Accordingly, Plaintiff's argument that he requires an interlocutory appeal concerning

2    the entirely irrelevant 2019 Terms of Service demonstrates the sheer frivolity of this application.[3]

3           Recognizing as much, Plaintiff resorts to mischaracterizing the Maker Defendants'

4    arguments in his attempt to secure an appeal.  For example, Plaintiff claims that the Maker

5    Defendants used Plaintiff's assent to the 2018 Terms of Service "to enforce the subsequently

6    amended 2019 Terms against him."  (Motion at 3.)  This is incorrect.  As the Maker Defendants

7    explained, and as the Court correctly recognized, the 2018 Terms of Service is the only agreement

8    that the Maker Defendants sought to enforce through their motion to compel.  (Maker Def. Br. at 2,

9    9, 11-13 (ECF No. 41); Reply at 1-5 (ECF No. 44); Arbitration Order at 2-3.)  Similarly, Plaintiff

10   argues that "in light of the Court's order and the Maker Defendants' vacillating positions, it is not

11   even clear what arbitration service Mr. Johnson is being compelled to use."  (Motion at 4.)  That

12   statement is astonishing.  Even a cursory review of the Arbitration Order and the Maker Defendants'

13   briefing demonstrates that the 2018 Terms of Service require the parties to arbitrate before the AAA.

14   (*See, e.g.*, Maker Def. Br. at 2, 9, 11-13 (stating that AAA arbitration rules, which apply here, require

15   questions of arbitrability to be decided by the arbitrator); Reply at 1-5 (same); Arbitration Order at

16   2-3 (same).)  Accordingly, this Court should deny Plaintiff's Motion.

17          **B.     Plaintiff's Argument That He Is Not Sophisticated Fails To Satisfy Section
                     1292(b)**
18

19          Plaintiff also requests the Court certify an interlocutory appeal of a second question—

20   whether "it was error to determine that Mr. Johnson was sophisticated based solely on his

21   cryptocurrency and technical knowledge."  (Motion at 1.)  Like the first question he seeks to certify,

22   Plaintiff's request here too is meritless.

23          As a threshold matter, Plaintiff did not raise this argument in response to the Maker

24   Defendants' motion to compel arbitration.  In his opposition, at most, Plaintiff argued that he was

25   unsophisticated *in comparison to* the Maker Defendants, and thus, the Court could not find that the

26

27   [3] Plaintiff's complaint that the 2019 Terms of Service were not put before the Court also makes little
     sense; as his latest submission demonstrates, Plaintiff had ready access to the 2019 Terms of Service
28   and could have provided them to the Court at any time, but did not do so.

7

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PERMISSION
TO SEEK INTERLOCUTORY REVIEW                                      Case No. 3:20-cv-02569-MMC

1  2018 Terms of Service delegated arbitrability to the arbitrator by incorporating the AAA rules.  (Opp.

2  at 19, n.45 (ECF No 43).)   Indeed, Plaintiff never argued that he was unsophisticated, even in his

3  improperly submitted sur-reply.  (ECF No. 45-1.)   Nonetheless, Plaintiff now claims this unasserted

4  argument is so crucial that it requires immediate appeal.   Self-evidently, Plaintiff cannot seek

5  interlocutory appeal of an argument he never raised.  *See Abram v. C.R. England, Inc.*, 2020 WL

6  5077373, at *4 (C.D. Cal. June 23, 2020) ("Because this argument was not raised previously, and

7  Plaintiff has not provided any reason for her failure to raise it earlier, the Court declines to address

8  this argument at this stage, where Plaintiff is seeking to certify issues for appeal."); *North v. Superior*

9  *Hauling & Fast Transit, Inc.*, 2019 WL 6794211, at *3 (C.D. Cal. July 10, 2019) ("Defendant's

10  arguments as to the importance of an appeal is therefore rendered significantly less persuasive by its

11  earlier failure to devote significant briefing and thought to this issue.").

12  Regardless, Plaintiff fails to demonstrate (1) a controlling question of law (2) as to which

13  there exists a substantial ground for difference of opinion.  Plaintiff points to split decisions among

14  trial courts within the Ninth Circuit regarding whether sophistication of the parties is a relevant

15  consideration when determining the delegation question.  (Motion at 2.)   Crucially, however, this

16  purported split is irrelevant to the Arbitration Order.  This Court ***assumed*** that the sophistication of

17  the Plaintiff ***should be*** considered—thereby resolving any purported legal dispute in Plaintiff's

18  favor—and found that the Plaintiff was not unsophisticated based on his own sworn statements and

19  admissions.[4]  (Arbitration Order at 2 n.4.)  Thus, Plaintiff merely quibbles with the Court's factual

20  assessment, a disagreement that is "clearly insufficient to show a 'substantial ground for difference

21  of opinion.'"  *Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 958 (N.D. Cal. June 5,

22  2019) (quoting *Couch*, 611 F.3d at 633); *see also United States v. Wen-Bing Soong*, 2014 WL

23  988632, at *1 (N.D. Cal. March 10, 2014) (collecting cases).

24

25

26  [4] For example, when Plaintiff assented to the 2018 Terms of Service, Plaintiff expressly agreed,
    under a section entitled "Sophistication and Risk of Cryptographic Systems," that he understood
27  the inherent risks in cryptographic systems and possessed the relevant knowledge and skills to
    understand applied cryptography and computer science.  (Reply at 8.)
28

8

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PERMISSION
TO SEEK INTERLOCUTORY REVIEW                                Case No. 3:20-cv-02569-MMC

Plaintiff claims that he must be "legally sophisticated—i.e., sophisticated enough to appreciate the sweeping ramifications of incorporation of AAA rules." (Motion at 7.) Plaintiff's argument, thus, asserts that the Court wrongly interpreted *the type of sophistication* purportedly required, not that the Court did not consider Plaintiff's sophistication at all. That position is insufficient to certify an interlocutory appeal under section 1292(b) because Plaintiff's disagreement with the manner in which the Court applied the law is not tantamount to a substantial ground for a difference of opinion among courts. *See Couch*, 611 F.3d at 633 ("That settled law might be applied differently does not establish a substantial ground for difference of opinion.").

Regardless, Plaintiff's argument is wrong in any event. Courts in the Ninth Circuit do not require so-called "legal sophistication," as if Plaintiff must have legal training in order to simply read and understand the straightforward AAA rules. Indeed, if individuals "untrained in the law" can never be sophisticated, as Plaintiff insists (Motion at 8), then courts could not enforce arbitration clauses that delegate arbitrability against anyone other than attorneys. Of course, that is not the law. Rather, courts in the Ninth Circuit routinely find—just like here—that parties are sophisticated based on their general sophistication. *See, e.g.*, *Caviani v. Mentor Graphics Corp.*, 2019 WL 4470820, at *5 (N.D. Cal. Sept. 18, 2019) (general business experience sufficient to be sophisticated); *Kin Wah Kung v. Experian Info. Solutions, Inc. et al.*, 2018 WL 2021495, at *4 (N.D. Cal. May 1, 2018) (same). Unsurprisingly, none of the cases Plaintiff cites support his wrongly proffered proposition.[5]

Plaintiff also fails to demonstrate that certification of this question would materially advance the termination of this action, as 1292(b) requires, for the same reasons Plaintiff cannot satisfy this

---

[5] Plaintiff relies almost exclusively on *Galilea, LLC v. AGCS Marine Ins. Co.*, 879 F.3d 1052 (9th Cir. 2018), but in that case, the Ninth Circuit found that two individuals were sophisticated with respect to insurance contracts based on their general business sophistication. *Galilea*, 879 F.3d at 1062. Bizarrely, Plaintiff cites the district court decision in that case for the proposition that "'an inexperienced individual untrained in the law' is less likely to understand the incorporation of arbitrator rules into an arbitration agreement." (Motion at 8.) The district court, in finding that the plaintiffs were not sophisticated, noted that they were not "attorneys or insurance professionals, and they did not consult with an attorney or an insurance broker before purchasing the policy from the Insurers." *Galilea, LLC v. AGCS Marine Ins. Co.*, 2016 WL 1328920, at *3 (D. Mont. Apr. 5, 2016). But Plaintiff ignores that the Ninth Circuit **reversed** this holding in the very opinion upon which he relies, and concluded that these plaintiffs were in fact sophisticated despite not being attorneys or insurance professionals.

9

1   requirement for the first question he asks the Court to certify.  (*supra* II.B.)  If the Court granted the

2   Motion, *and* the Ninth Circuit considered the question, *and* the Ninth Circuit agreed somehow that

3   the Court failed properly to consider relevant facts concerning Plaintiff's sophistication, such a

4   ruling, at best, would return the case to this Court for further determination of Plaintiff's

5   sophistication and re-visit whether the Court or the arbitrator should decide the issue of arbitrability.

6   Should the Court simply let the case proceed as is, the parties can address the threshold issue of

7   arbitrability now, as the AAA rules provide, without any need for further inquiry regarding tangential

8   matters.  Accordingly, granting Plaintiff's request does not materially advance the termination of the

9   action, and instead substantially delays reaching the ultimate merits of this action.

10          Once again, the truth is that Plaintiff seeks an interlocutory appeal for the second question,

11  like the first, merely because he disagrees with the Court's Order, and in particular, its finding that

12  Plaintiff was sufficiently sophisticated for the arbitration provision to be fully binding.  That, again,

13  is not a valid basis on which to seek interlocutory appeal.  *Couch*, 611 F.3d at 633; *Shumye*, 2008

14  WL 1815802 at *1 ("strong disagreement with the Court's ruling" is an insufficient basis to certify

15  an interlocutory appeal under section 1292(b)).  The Court should deny the Motion as to the second

16  question for which Plaintiff seeks an interlocutory appeal as well.

17                                              **CONCLUSION**

18          For the reasons stated above, the Maker Defendants respectfully request that the Court deny

19  Plaintiff's Motion.

20  DATED:        November 27, 2020

                                      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
21                                    By:  _____*/s/ Peter B. Morrison*_____
                                           PETER B. MORRISON
22                                         *Attorneys for Defendants*
                                      MAKER ECOSYSTEM GROWTH HOLDINGS, INC.
23                                    AND MAKER ECOSYSTEM GROWTH FOUNDATION

24

25

26

27

28
                                                  10