IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAKER ECOSYSTEM GROWTH HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 20-cv-02569-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO SEEK INTERLOCUTORY REVIEW** |

Before the Court is plaintiff Peter Johnson's ("Johnson") "Motion for Permission to Seek Interlocutory Review" ("Certification Motion"), filed November 13, 2020. Defendants Maker Ecosystem Growth Holdings, Inc. and Maker Ecosystem Growth Foundation (collectively, "Maker Defendants") have filed opposition, to which Johnson has replied. Having considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND

### A. Johnson's Claims

By the instant action, Johnson alleges the Maker Defendants, who manage a "cryptocurrency platform" (see First Am. Compl. ("FAC") ¶ 9), "represent[ed]" to investors that their platform "has certain measures in place to prevent significant investor loss" (see id. ¶ 1), and, despite such representations, he and other investors "lost 100% of the collateral they invested with [the Maker Defendants]" due to a "vulnerability" in their platform (see id. ¶¶ 1, 3).

Based thereon, Johnson asserts, on behalf of himself and a putative class, three

---

[1] By order filed December 10, 2020, the Court took the matter under submission.

Claims for Relief, titled, "Negligence," "Intentional Misrepresentation," and "Negligent Misrepresentation."

**B.     Maker Defendants' Motion to Compel Arbitration**

On July 15, 2020, the Maker Defendants filed a Motion to Compel Arbitration of Johnson's claims, relying on the Terms of Service that Johnson accepted when, in 2018, he "signed up" for the Maker Defendants' cryptocurrency platform ("2018 Terms of Service"). (See Pl.'s Opp. to Mot. to Compel Arbitration at 3:20-23.)  Under the 2018 Terms of Service, Johnson agreed to arbitrate "any dispute arising under [said] Agreement . . . in accordance with the American Arbitration Association's [("AAA")] rules for arbitration of consumer-related disputes."  (See Decl. of Steven Becker, filed July 15, 2020, Ex. A at 9-10.)  In opposing the motion, Johnson argued that the claims he alleges in the instant action were not covered by the 2018 Terms of Service.

By order filed September 25, 2020 ("Arbitration Order"), the Court granted the Maker Defendants' motion and stayed the instant action, finding the parties, pursuant to the 2018 Terms of Service and the AAA rules incorporated by reference therein, agreed to delegate to the arbitrator the issue of arbitrability.  (See Decl. of Peter B. Morrison, filed July 15, 2020, Ex. A at 17 (providing, "[t]he arbitrator shall have the power to rule on . . . any objections . . . to the arbitrability of any claim").)

**LEGAL STANDARD**

A district court may certify for interlocutory appeal an order where (1) "such order involves a controlling question of law," (2) "there is substantial ground for difference of opinion" as to such question of law, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  See 28 U.S.C. § 1292(b). The party seeking certification bears the burden of demonstrating all three requirements are met.  See Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010).

**DISCUSSION**

By the instant motion, Johnson seeks an order certifying the Arbitration Order for interlocutory appeal.  In particular, Johnson seeks certification of two questions, which

2

the Court addresses in turn.

**A.     2019 Terms of Service**

Johnson argues the Court should certify the question of "whether it was error to . . . decide the Arbitration Order without requiring production and review of the 2019 Terms" ("2019 Terms of Service") (see Certification Mot. at 1:19-2:1), which terms of service, Johnson contends, were created "in connection with the Maker Defendants' new [cryptocurrency platform]" that Johnson signed up for in 2019 (see id. at 2:18-3:2; see also Opp. to Mot. to Compel Arbitration at 8:18-9:5).  Specifically, Johnson argues, the 2019 Terms of Service, rather than the 2018 Terms of Service, "control the product and conduct at issue in the lawsuit."  (See Certification Mot. at 5:15-17.)[2]

As the Maker Defendants point out, the above-referenced question is not a "question of law."  See 28 U.S.C. § 1292(b).  Rather, the proposed question "only concerns which facts the Court considered" in resolving the Maker Defendants' Motion to Compel Arbitration (see Opp. to Certification Mot. at 4:19-20); whether the Court considered the appropriate facts is not, however, a "question of law," let alone one "as to which there is substantial ground for difference of opinion," see 28 U.S.C. § 1292(b); see also McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) (holding, "[t]he term 'question of law' does not mean the application of settled law to fact" (internal citation omitted)); Couch, 611 F.3d at 633 (holding, "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion").

Accordingly, as to the first question, the Court finds Johnson has failed to show certification is appropriate.

---

[2] To the extent Johnson may be contending the Maker Defendants cannot enforce the 2018 Terms of Service because, according to Johnson, they were not parties to that agreement, the Court does not consider such argument herein, as Johnson failed to raise it in opposition to the Maker Defendants' motion and has provided no explanation for why he failed to do so.  See Abram v. C.R. England, Inc., No. CV-20-764-MWF (MRWX), 2020 WL 5077373, at *4 (C.D. Cal. June 23, 2020) (finding plaintiff waived issue she sought to certify for appeal where plaintiff failed to raise issue earlier and "[did] not provide[] any reason for her failure to raise it earlier").

**B.     Sophistication of Parties**

Johnson argues the Court also should certify the question of "whether it was error to . . . determine that [he] was sophisticated based solely on his cryptocurrency and technical knowledge." (See Certification Mot. at 1:19-2:1.) In that regard, Johnson points out that "a split in the Ninth Circuit district courts . . . has developed around whether and to what extent a 'sophisticated party' should be bound from the outset of a dispute to arbitration by mere acknowledgement of an arbitration clause" (see id. at 2:2-5), i.e., "whether incorporating the AAA Rules by reference[] applies to unsophisticated parties" (see id. at 6:17-7:2 (internal quotation and citation omitted)), and contends "th[e] Court concluded that [he] is 'not unsophisticated' because of his technical knowledge of the underlying Maker Defendants' products and protocols" (see id. at 7:5-9 (internal citation omitted)).

This question, however, much like the first, is a question of fact, not a question of law, and, consequently, is not appropriate for certification.

Moreover, Johnson is not correct in stating the Court concluded he was sophisticated solely "because of" his knowledge of cryptocurrency. (See Certification Mot. at 7:5-9; see also Reply in Supp. of Certification Mot. at 4:8-12 (contending the Court "focused its 'sophistication' analysis on whether Mr. Johnson understood the product at issue, not whether he had sufficient business or legal acumen to understand the significance of a AAA arbitration provision").) Rather, the Court considered such knowledge, as well as other undisputed facts, as indicating a level of general learning and experience inconsistent with Johnson's characterization of himself as "unsophisticated." (See Arbitration Order at 2:18 & n.4.)

Lastly, to the extent Johnson seeks to raise on interlocutory appeal the legal question for which Johnson contends "there is now a split in the Ninth Circuit District Courts," specifically, "whether incorporating the AAA Rules by reference[] applies to unsophisticated parties" (see Certification Mot. at 6:17-7:2 (internal quotation and citation omitted)), his reliance thereon is unavailing. In particular, any such question is not, in this

4

instance, "controlling," i.e., one for which "resolution [thereof] on appeal could materially affect the outcome of litigation in the district court," see In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1981), as the Court did not find the need to resolve the issue in the Arbitration Order.  Rather, the Court implicitly assumed, for purposes of the Motion to Compel, that Johnson's level of sophistication was relevant to its determination as to whether the incorporated arbitration clause was enforceable.

Accordingly, as to the second question, the Court finds Johnson has failed to show certification is appropriate.[3]

## CONCLUSION

For the reasons stated above, the Motion for Permission to Seek Interlocutory Review is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 4, 2021

MAXINE M. CHESNEY
United States District Judge

---

[3] In light of the Court's findings set forth herein, the Court does not address the Maker Defendants' additional argument that the instant motion should be denied as untimely.

5