Adam S. Heder, CSB #270946
adamh@hbclawyers.com
Harris Berne Christensen LLP
15350 SW Sequoia Parkway
Suite 250
Portland, OR 97224
Phone: 503-968-1475
Fax: 503-968-2003

    Of Attorneys for Plaintiff PETER JOHNSON, individually and on behalf of all others similarly situated

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **PETER JOHNSON,** individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>**MAKER ECOSYSTEM GROWTH HOLDINGS, INC.**, a foreign corporation; and **MAKER ECOSYSTEM GROWTH FOUNDATION,** a foreign corporation,<br><br>            Defendants. | Case No. 3:20-cv-02569-MMC<br><br>**UNOPPOSED MOTION TO REOPEN CASE FOLLOWING DISPOSITION OF ARBITRATION** |

    Plaintiff Peter Johnson, by and through his undersigned counsel, hereby files this Unopposed Motion to Reopen Case Following Disposition of Arbitration (the "***Motion***"). For the reasons set forth below, the Court should reopen this case and reinitiate proceedings by and between Plaintiff and the Defendants.

///

**FACTS**

1. On September 25, 2020, the Court entered an order compelling arbitration and staying Plaintiff's claims pending arbitration, Docket No. 48, noting that the arbitrability of Plaintiff's claims were "delegate[d] to the arbitrator," and that specifically, the question of "whether [Plaintiff's] claims fall within the scope of the [2018 Terms] arbitration clause must be decided by the arbitrator in the first instance," *id.* at 3 (cleaned up).

2. On January 4, 2021, the Court denied Plaintiff's motion for certification of an interlocutory appeal of the order compelling arbitration. Docket No. 58.

3. On May 14, 2021, the parties filed a Joint Status Report with the Court, informing it that they were "in the process of selecting arbitrators." Docket No. 61.

4. The Court entered an Order Conditionally Closing Case for Statistical Purposes (the "***Conditional Closing Order***"), noting that "[n]othing contained in th[e] order shall be considered a dismissal or disposition of this action against defendants, and should further proceedings become necessary herein, any party may initiate them in the same manner as if this order had not been entered." Docket No. 62.

5. Following an administrative and empanelment process with the American Arbitration Association ("***AAA***"), on December 30, 2021, Plaintiff submitted a motion to remove the matter back to this Court "on the ground that the 2018 Terms are irrelevant since his claims arise under a different digital currency platform that was not in existence when he agreed to the 2018 Terms."

6. On May 16, 2022, the Panel issued an Order on the Motion to Remove, concluding that Plaintiff's "claims fall outside the scope of the 2018 Terms of Service because those claims relate to Claimant's use of services under a subsequent digital platform that was governed by the

*Unopposed Motion to Reopen Case*

2019 Terms of Service. Therefore, this matter is not arbitrable under the 2018 Terms of Service." Exhibit A.

7. The Panel thereafter "remand[ed] this matter back to the District Court for determinations consistent with" the Panel's orders on the Motion to Remove. *Id.*

## ARGUMENT

The question of arbitrability under the 2018 Terms has been briefed and argued before the AAA Panel. Based on those arguments, the Panel found that Plaintiff's claims "fall outside the scope of the 2018 Terms of Service" and that Plaintiff's use of Defendants' "subsequent digital platform . . . was governed by the 2019 Terms of Service."

Accordingly, the Court should therefore reopen the case and instruct the parties to proceed accordingly.

Defendants have indicated that they do not oppose this motion but continue to reserve all rights and defenses, which are expressly preserved.

DATED: June 24, 2022                    **HARRIS BERNE CHRISTENSEN LLP**

                                        By:   s/ Adam S. Heder
                                              Adam S. Heder, CSB #270946
                                              Of Attorneys for Plaintiff PETER JOHNSON,
                                              individually and on behalf of all others similarly
                                              situated

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| Peter Johnson, | Case No. 01-21-0002-2201 |
| Claimant, | **SUPPLEMENTAL ORDER ON CLAIMANT'S MOTION TO REMOVE** |
| v. | |
| Maker Ecosystem Growth Holdings, Inc., a foreign corporation; and Maker Ecosystem Growth Foundation, a foreign corporation, | |
| Respondents. | |

On March 30, 2022, the Panel issued its Order on Claimant's Motion to Remove, which remanded this matter back to the United States District Court for the Northern District of California. On April 21, 2022, the parties submitted a joint letter asking the Panel to clarify its Order. In the joint letter, the parties further asked (i) to provide the Panel with simultaneous written submissions concerning their joint request for clarification, and (ii) that the Panel thereafter hold a telephonic hearing. In response, the Panel directed the parties to make simultaneous written submissions on May 2, 2022, and held a hearing on May 16, 2022 during which the Panel heard argument from, and posed questions to, counsel for the parties. The Panel, having considered the submissions and argument of the Parties, and being fully advised regarding this matter, hereby clarifies its March 30, 2022 Order as follows:

The Panel finds that the Claimant's claims fall outside the scope of the 2018 Terms of Service because those claims relate to Claimant's use of services under a subsequent digital platform that was governed by the 2019 Terms of Service. Therefore, this matter is not arbitrable under the 2018 Terms of Service.

54887220.1

**Order**

 The Panel remands this matter back to the District Court for determinations consistent with the March 30, 2022 Order as supplemented by this Order.

Respectfully submitted on May 18, 2022,

*William M. Ojile*, Jr., *Chairperson on behalf of himself, as well as the other two Panel members listed below.*

*Stefan D. Stein, Arbitrator*

*Melissa D. Hubbard, Arbitrator*