ADAM S. HEDER (CSB #270946)
adamh@jurislawyer.com
JurisLaw LLP
Three Centerpointe Drive
Suite 160
Lake Oswego, OR 97035
Telephone:  (503) 968-1475
Facsimile:   (503) 968-2003

*Attorney for Plaintiff*

*Additional counsel on next page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **PETER JOHNSON**, individually and on behalf of all other similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>**MAKER ECOSYSTEM GROWTH HOLDINGS, INC., NKA METRONYM, INC.**, a foreign corporation,<br><br>　　　　　　　　　　Defendant. | Case No.:  3:20-cv-02569-MMC<br><br>Judge:  Hon. Maxine M. Chesney<br><br>**UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

ALEXANDER C. DRYLEWSKI (admitted *pro hac vice*)
alexander.drylewski@skadden.com
MICHAEL W. RESTEY JR. (admitted *pro hac vice*)
michael.restey@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile:  (212) 735-2000

*Attorneys for Defendant*
MAKER ECOSYSTEM GROWTH
HOLDINGS, INC. NKA METRONYM, INC.

2

Plaintiff Peter Johnson, by and through his counsel of record, hereby moves the Court for preliminary approval of the settlement reached in this matter by and between Plaintiff and Defendant (the "Motion"), as memorialized in the Stipulation of Settlement ("Stipulation"), filed concurrent herewith. This Motion has been reviewed by counsel for all parties in the matter and is filed unopposed. Accordingly, it may be acted upon at the Court's convenience without regard to any briefing deadlines or hearings.

Pursuant to the Court's Procedural Guidance for Class Action Settlements, Plaintiff presents below and concurrently, where applicable, the following information: (1) background information about the settlement; (2) proposed settlement administration; (3) proposed form of notice to class members; (4) opt-outs; (5) objections; (6) attorney fees and costs; (7) proposed service award to Plaintiff; (8) timeline; (9) Class Action Fairness Act ("CAFA") and similar requirements; (10) similar outcomes analysis; and (11) electronic versions of all proposed orders.

Concurrent with the filing of this Motion, Plaintiffs file the following additional, unopposed documents: 1) the Stipulation of Settlement; 2) the Long Form Class Notice; 3) the Short Form Class Notice; 4) the Proposed Preliminary Approval Order; 5) the Proposed Judgment; 6) the Proof of Claim and Release; 7) the Declaration of Adam Heder in Support of the Motion for Preliminary Approval; and 8) the Declaration of Julie Green in Support of the Motion for Preliminary Approval.

For the reasons set forth below, the Court should grant preliminary approval of the settlement of this matter.

## BACKGROUND

### I. RECITALS

1. This action was brought on behalf of all persons or entities who had a Collateralized Debt Position ("CDP") or Vault on any Maker-run exchanges that were forced to liquidate their ETH on March 12 or 13, 2020 and received zero compensation at auction.

2. Plaintiff filed his initial complaint on April 14, 2020, against defendants Maker Ecosystem Growth Holdings, Inc., Maker Ecosystem Growth Foundation and the Dai Foundation. (ECF No. 1.) On May 8, 2020, Plaintiff filed the First Amended Class Action Complaint against Maker Ecosystem Growth Holdings, Inc., Maker Ecosystem Growth Foundation and Dai

Foundation. The complaint asserted claims for intentional misrepresentation, negligent misrepresentation, and negligence. (ECF No. 9.)

3. On November 5, 2020, Plaintiff dismissed without prejudice his claims as to the Dai Foundation. (ECF No. 49.)

4. On September 8, 2022, Plaintiff filed the Second Amended Class Action Complaint against Metronym and Maker Ecosystem Growth Foundation. (ECF No. 69.)

5. On October 31, 2022, defendants Metronym and Maker Ecosystem Growth Foundation moved to dismiss the Second Amended Class Action Complaint. (ECF No. 72.)

6. On February 22, 2023, the Court granted Metronym and Maker Ecosystem Growth Foundation's motion to dismiss without prejudice, granting leave to amend by no later than March 17, 2023. (ECF No. 82.)

7. On March 31, 2023, Plaintiff filed the Third Amended Class Action Complaint against Metronym. (ECF No. 86.)

8. On April 20, 2023, the Settling Parties and their counsel participated in a mediation with Robert A. Meyer, Esq. of JAMS ADR. Following the mediation, Robert A. Meyer, Esq. made a mediator's proposal to resolve the Action, which the Settling Parties each accepted on April 20, 2023. The Settling Parties thereafter executed a Term Sheet memorializing their agreement, which included, among other things, the Settling Parties' agreement to fully and finally resolve the Action in return for a settlement payment of $1,160,000.00 for the benefit of the Class, subject to the negotiation of the terms of the Stipulation and approval by the Court.

9. Plaintiff and Plaintiff's Counsel believe that the claims asserted in the Action have merit. However, they recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendant through trial. Plaintiff and Plaintiff's Counsel also have taken into account the uncertain outcome and the risk of trial, especially in complex matters such as this Action, as well as the risks posed by the difficulties and delays relating to fact and expert discovery, class certification, summary judgment and trial, post-trial motions, and potential appeals of the Court's determination of said motions, or the verdict of a jury. Plaintiff and Plaintiff's Counsel also are aware of the defenses to the claims asserted in the Action. Plaintiff and Plaintiff's Counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Settlement

Class in light of the circumstances. Based on their evaluation, Plaintiff and Plaintiff's Counsel have determined that the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

10. Defendant has expressly denied and continues to deny that it has committed or intended to commit any wrongdoing or violations of law as alleged in any complaint filed in the Action, and maintains that its conduct was at all times proper and in compliance with all applicable provisions of law. Defendant has expressly denied and continues to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against it arising out of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendant also has denied and continues to deny, *inter alia,* the allegations that Defendant made, knowingly or otherwise, any false misrepresentations; that Defendant acted negligently, recklessly or with culpable intent; that any member of any class has suffered any damages; or that the members of any class were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. Defendant believes that the allegations asserted by Plaintiff do not plead a cognizable claim for intentional misrepresentation, negligent misrepresentation or negligence. In addition, Defendant maintains that it has meritorious defenses to all claims alleged in the Action.

11. Nonetheless, taking into account the uncertainty, risks, costs, and distraction inherent in any litigation, especially in complex cases such as this Action, Defendant has determined that it is desirable that the Action be settled in the manner and upon the terms and conditions set forth in the Stipulation. Defendant has agreed to enter into the Stipulation solely to eliminate the uncertainty, burden and expense of further litigation, and to put the released claims to rest, finally and forever.

## **PROCEDURAL INFORMATION**

12. Pursuant to this Court's Procedural Guidance for Class Action Settlements, Plaintiff states as follows:

    a. There are no material differences between the settlement class and the class proposed in the operative complaint;

    b. There are no differences between the claims to be released and the claims in the operative complaint.

      c.      As set forth in the Stipulation, the stipulated Settlement value is $1,160,000; Plaintiff initially sought $8,325,000 in damages from the named Defendants.

      e.      While the Settlement value represents roughly 14% of what had been sought in the operative complaint, the Court's recent grant of a motion to dismiss, coupled with (1) the potential procedural difficulties presented by class certification where class members may each be subject to discovery requests and deposition to determine whether and to what extent each class member relied on representations purportedly made by Defendant, and (2) the prospect of years-long trial and appellate proceedings, all combine to make the Settlement more palatable than risking all in a litigation which could be piecemealed or lost altogether.

      f.      No other cases are or will be affected by the Settlement.

## SETTLEMENT ADMINISTRATION

Plaintiff has obtained bids from two potential settlement administrators, ultimately landing upon CPT Group, Inc. Class Action Administrators (the "Administrator"). The Administrator's bid is detailed in Exhibit B to Julie Green's Declaration, attached hereto. Plaintiff's Counsel has not had prior engagements with the Administrator; however, the Administrator is well regarded in the industry and has managed dozens of settlements just in the last two years. Defendant does not object to Plaintiff's selection of the Administrator.

As set forth in the Administrator's bid, the Administrator employs the latest in security procedures for handling class member data—including all procedures and controls set forth in the Court's Settlement Administration Data Protection Checklist—is fully insured, and the Administrator's cost is more than reasonable in light of the Settlement amount—representing roughly 1.9% of the Settlement amount. Further, the Administrator's bid was less than 1/5 the cost of the opposing bid. All costs of settlement administration will be paid out of the Net Settlement Fund.

## NOTICE

The proposed forms of Notice—both short and long—are submitted concurrently herewith. The Notice distribution plan has been approved by all parties, and includes contacting all Class

members via email, where available, creating press releases for distribution, including social media, and even sending direct messages to the wallets of affected Class members to inform them of their membership in the Class and option to participate in the Settlement. The Administrator likewise will work with the Parties to ensure that notice is provided broadly and effectively to all potential Class members. This effort promises to make as many potential Class members aware of the Settlement as possible, especially the ability to send notice directly to the affected Class members' digital wallets.

The Notices inform Class members of their ability to opt out of the Settlement, including advising Class members of the deadline, methods to opt out, and the consequences of opting out.

Likewise, the Notices inform and instruct Class members who wish to object to the Settlement to send their written objections to the Court and, like the opt-out provisions, clearly lay out the deadline for submission of any objections.

## **PROPOSED ALLOCATION PLAN**

Plaintiff proposed the following allocation plan:

Each Class Member that timely submits the Proof of Claim and Release (attached as Exhibit A-3 to the Stipulation) is entitled to that member's proportionate share of the Common Fund as calculated by that member's Ethereum lost on March 12 or 13, 2020 over the total amount of Ethereum claimed by other class members. For example, if the sum of Ethereum lost by the Class Members that have timely submitted the Proof of Claim and Release equals 100, and a given Class Member has lost one Ethereum, then that Class Member is entitled to $1/100^{th}$ of the Common Fund less administrator costs, attorney fees, service award, and all other approved costs.

This proposal will eliminate the possibility of any cy pres or any reversionary interest, because any unclaimed Ethereum is immediately accounted for by a calculation method that is limited to those Class Members that timely and appropriately claim a share of the Common Fund.

## **ATTORNEY FEES**

Plaintiffs' Counsel intend to request 30% of the Settlement amount, or $348,000, plus their reasonable costs. To date, those costs equal: $14,670.62.

Plaintiffs' Counsel include below their lodestar calculation:

| Attorney/Paralegal | Hourly Rate | No. of Hours (including anticipated hours to have settlement approved) | Total Value of Time |
|---|---|---|---|
| Adam Heder | $500 | 400 | $200,000.00 |
| Eric Vogeler | $500 | 195 | $97,500.00 |
| Dan Nichols | $500 | 20 | $10,000.00 |
| Christian Cho | $250 | 38 | $9,500.00 |
| Narva Klein (Paralegal) | $150 | 41 | $6,150.00 |
| TOTAL | | | $323,150.00 |

Calculating the attorney fees using the lodestar method and the modest hourly rate of $500/hr (a fraction of what lead counsel could charge in a market such as San Francisco), the attorney fees are remarkably similar to what a 30% contingent fee award comes out to. This demonstrates the reasonableness of the attorney fee request.

## SERVICE AWARD

The Parties acknowledge that Plaintiff – Mr. Johnson – has taken extensive measures to participate in and help prosecute this matter on behalf of the Class. Mr. Johnson has been instrumental in preparing pleadings, educating Plaintiff's Counsel—and through Plaintiff's Counsel, the Court—on complex matters unique to the cryptocurrency industry, and in reviewing and editing pleadings. Mr. Johnson traveled to and attended the mediation of this matter which resulted in a successful Settlement. And, given Mr. Johnson's prominence in the cryptocurrency community in his jurisdiction and elsewhere, Plaintiff had to cast off the anonymity that would otherwise shroud Class members who may wish to retain their privacy.

Other lead plaintiffs who have appeared before this Court have been awarded anywhere from $5,000 to $25,000. *See Bulette v. Western Dental Services Inc.,* 2020 WL 13490290 (awarding lead plaintiff $5,000 "in light of the results that were obtained under the Settlement

Agreement, the risks that she incurred in prosecuting the Action, and the assistance she provided to Class Counsel"); *In re Sorbates Direct Purchaser Antitrust Litigation*, 2002 WL 31655191 (awarding $7,500 to each lead plaintiff representative); *Glass v. UBS Financial Services, Inc.*, 2007 WL 221862 (awarding $25,000 to each lead plaintiff representative who "provided a great deal of informal discovery to Class Counsel and a great deal of insight into the policies and practices" of the defendant bank, further noting that each individual "placed something at risk by putting their names on a complaint against one of the largest brokerage houses in America"); *Raya v. Amazon.com, LLC*, 2017 WL 8640811 (awarding $5,000 to the lead plaintiff "for his initiation of this action, work performed, the risks undertaken for the payment of costs had this case had an unfavorable outcome, general release, and for the benefits to be received by Participating Class Members as a result of his efforts.").

In light of the significant efforts, time, and risks undertaken by Plaintiff, the Court should award him **$25,000.00** as a service award in connection with the Settlement.

## TIMELINE

From the date of issuance of the Notice, Class members will have at least thirty-five (35) days to opt out or object to the Settlement and the motion for attorney fees and costs; specifically, as provided in Section 3.5 of the Stipulation, any Class member who wishes to opt out of the Settlement Class must submit a timely written request for exclusion twenty-one (21) calendar days prior to the Settlement Hearing and in the manner specified in the Court's Preliminary Approval Order.

## CAFA NOTICE

As set forth more fully in the Stipulation, Defendant will either itself or through a third-party administrator provide all necessary notice under CAFA.

## COMPARABLE OUTCOMES

Although the cryptocurrency industry is relatively nascent, at least one class action case has been brought and settled that is strikingly similar to the facts presented here.

In *Leidel et al v. Coinbase, Inc.*, Case No. 9:16-CV-81992-MARRA (So. Dist. Fla.), the class asserted $8.2MM in damages arising out of the preeminent United States cryptocurrency exchange, Coinbase, allowing a foreign national to sell assets belonging to his customers. The class alleged

that the founder of Cryptsy absconded with customer cryptocurrencies and liquidated them through Coinbase. For the Court's convenience, the *Leidel* claim administration page is available here: https://coinbasesettlement.com/.

Of note, Coinbase settled with the *Leidel* class for $962,500—a discount of 11.7% from the complained-of damages, or more than 2% less than the Class recovery obtained through this Settlement. *See* FAQ 12: https://coinbasesettlement.com/frequently-asked-questions.php. Likewise, the attorneys in *Leidel* were awarded "up to 33.33% of the Settlement Fund, plus expenses and costs" or 3.33% more than Plaintiff's counsel here. The *Leidel* Settlement Agreement and other pleadings are available here: https://coinbasesettlement.com/important-documents.php

## CONCLUSION

Plaintiff and Defendant reached an arms' length settlement; Plaintiff has taken steps to ensure appropriate, timely, equitable, and orderly administration of the Common Fund; Plaintiff's attorney fees are customary as is the service award; and the settlement amount accounts for the risks inherent in any litigation but in particular this litigation. Plaintiff respectfully requests the Court grant this Motion for Preliminary Approval of the Class Settlement.

/s/   Adam S. Heder
**JURISLAW LLP**
Adam S. Heder
Three Centerpointe Drive
Suite 160
Lake Oswego, OR 97035
adamh@jurislawyer.com
Telephone:   (503) 968-1475

*Counsel for Plaintiff and Counsel for the Proposed Class*

MOTION FOR PRELIMINARY APPROVAL                    Case No.:  3:20-cv-02569-MMC