1  Adam S. Heder, CSB #270946
   adam@jurislawyer.com
2  Daniel J. Nichols, CSB #238367
   dan@jurislawyer.com
3  JurisLaw LLP
   Three Centerpointe Drive
4  Suite 160
   Lake Oswego, OR 97035
5  Phone: 503-968-1475
   Fax: 503-968-2003
6
7      Of Attorneys for Plaintiff PETER JOHNSON, individually and on behalf of all others similarly situated

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **PETER JOHNSON,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MAKER ECOSYSTEM GROWTH HOLDINGS, INC. NKA METRONYM, INC.**, a foreign corporation; and **MAKER ECOSYSTEM GROWTH FOUNDATION,** a foreign corporation,<br><br>Defendants. | Case No. 3:20-cv-02569-MMC<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

1

1   WHEREAS, the parties to the above-captioned Action entered into a Stipulation of
2   Settlement (hereinafter, "Settlement Agreement"), which together with the exhibits thereto, sets
3   forth the terms and conditions for the settlement described therein, including the dismissal of the
4   Action with prejudice;

5   WHEREAS, a copy of that Settlement Agreement has previously been filed with the Court
6   act ECF No. 91-6;

7   WHEREAS, all capitalized terms used herein having the meanings defined in the
8   Settlement Agreement, unless otherwise defined;

9   WHEREAS, Plaintiff previously filed with the Court a Motion for Preliminary Approval
10  of Settlement at ECF No. ~~98~~ 91;

11  WHEREAS, the Court on August 18, 2023, granted the Motion for Preliminary Approval
12  of Settlement and provided direction on notice to be provided;

13  WHEREAS, Plaintiff filed a Motion for Final Approval of Class Action Settlement at ECF No. 103;

14  WHEREAS, this Court, on February 9, 2024, held a Settlement Hearing, to confirm the
15  certification of the Class for settlement purposes only, to consider and review the Settlement
16  Agreement and the notice provided thereunder, and to consider Class Counsel's application for an
17  award of attorney's fees and expenses and Plaintiff's Motion for an Incentive Award;

18  WHEREAS, the Court having received no objections or opt-outs of the Settlement
19  Agreement;

20  WHEREAS, the Court having read and considered the Motion for Final Approval of Class
21  Action Settlement;

22  NOW, THEREFORE, IT IS HEREBY ORDERED, this  9  day of  February ,
23  2024, that:

24

2

[Proposed] Order Granting Plaintiff's Motion for Final Approval of Class Action Settlement

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies a Settlement Class in this Action, consisting of all Persons and entities who had a Collateralized Debt Position ("CDP") or Vault on the Maker Protocol and were forced to liquidate their ETH on March 12 or 13, 2020, and received zero compensation (meaning $10/ETH or less) as part of any related auction.  Excluded from the Settlement Class are: (i) Defendant; (ii) present or former executive officers of Defendant; (iii) members of the immediate family or the legal representatives, heirs, successors-in-interest, or assigns of any of the foregoing; (iv) any entity in which any Defendant has, or had, a controlling interest; and (v) any affiliate of Defendant.  ~~Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court.~~ No person or entity sought to be excluded from the class.

2.      This Court finds, for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class Plaintiff seeks to represent; (d) Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and  (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, (a) Plaintiff is certified as the class representative on behalf of the Settlement Class; and (b) Plaintiff's Counsel, previously selected by Plaintiff and appointed by the Court, are hereby certified as Plaintiff's Counsel for the Settlement Class, and are authorized to act on behalf

of the Plaintiff and other Settlement Class Members, with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement, including all acts that are reasonably necessary to consummate the Settlement.

4. The Court finds that the Settlement Agreement should be approved in that: (a) the class representatives and class counsel have adequately represented the class; (b) the Settlement was negotiated at arm's length; (c) the relief provided for the Class is adequate taking into account: (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, (iii) the terms of any proposed award of attorney's fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the Settlement treats class members equitably relative to each other.

5. CPT Group, Inc. ("CPT Group") has sufficiently completed the delivery of class Notice, including by (1) causing notice to be sent to all affected blockchain addresses, by an ETH blockchain transaction, and (2) publicly posting the link to the notice on the MakerDAO community forum (www.forum.makerdao.com). The notice was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement. The notice satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process. The notice was reasonably calculated under the circumstances to apprise Class Members of the pendency of this Action; all materials elements of the Settlement Agreement; ~~Class Counsel's Motion for Attorney Fees; Plaintiff's Motion for Incentive Award~~ Plaintiff's Motion for Attorney Fees and Class Representative Service Award; and their opportunity to exclude themselves from, object to, or comment on the Settlement Agreement and to appear the Settlement Hearing. The Court has afforded a full opportunity to all

1  Class Members to be heard.  Accordingly, the Court determines that all Class Members are bound
2  by this Order.

3      6.    All funds held by the Escrow Agent shall be deemed and considered to be *in*
4  *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time
5  as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of
6  the Court.

7      7.    All reasonable expenses incurred in identifying and notifying Settlement Class
8  Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement
9  Agreement and herein.

10      8.    As part of the Settlement, the Court hereby awards attorneys' fees and expenses to
11  compensate Class Counsel for their time incurred and expenses advanced.  The Court finds that:
12  (a) Class Counsel achieved a favorable result for the Class by obtaining a settlement that makes
13  significant funds available to Class Members; (b) Class Counsel devoted substantial effort to pre-
14  and post-filing investigation, legal analysis, motion practice, and other litigation tasks, *and their lodestar exceeded the fees sought;* (c) Class
15  Counsel prosecuted the claims of the Class on a contingent fee basis, investing significant time
16  and accumulating costs with no guarantee that they would receive compensation for their services
17  or recover their expenses; (d) Class Counsel employed their knowledge of and experience with
18  class action litigation in achieving a valuable settlement of the Class Members, in spite of
19  Defendant's possible legal defenses and its experienced and capable counsel; and (e) the notice
20  sufficiently informed Class Members of the amount and nature of Class Counsel's fee and
21  expenses request.  For these reasons, the Court hereby approves Class Counsel's Motion for
22  Attorney Fees and Expenses and wards to Class Counsel fees, expenses, and costs in the amount
23  of $348,000.00 (30%) and $17,911.52 in expenses.
24

9. As part of the Settlement, the Court hereby ~~awards~~ *grants in part* Plaintiff's Motion for ~~an Incentive Award.~~ *a Class Representative Service Award.* The Court find that Plaintiff adequately represented the Class and committed time and resources above and beyond what might normally be expected of a class representative. The Court finds that Plaintiff's request is reasonable and appropriately compensates him for the time spent in prosecuting the action. The Court hereby approves an amount of ~~$25,000.00~~ *$12,500.00* in an incentive award to Plaintiff.

10. The Court hereby grants final approval to the Settlement Agreement and finds that it is fair, reasonable, and adequate, and in the best interests of the Class as a whole. To the extent any objections were raised and brought to the Court's attention, the Court has considered them and hereby overrules them.

11. The Court hereby authorizes CPT Group to distribute the Settlement monies as outlined in the accompanying motion papers and Settlement Agreement.

12. The Settlement Agreement and entry of this Order operate as a settlement in full and a release as to the claims of the Plaintiff and each Class Member.

13. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

///

///

///

///

///

///

///

6

~~[Proposed]~~ Order Granting Plaintiff's Motion for Final Approval of Class Action Settlement

14. Neither the Settlement Agreement, nor any of the negotiations or proceedings connected with it, nor this Order, shall be construed as an admission or concession by Defendant of the truth of any of the allegations in the Action or of any liability, fault, or wrongdoing of any kind. Nor shall they be construed as an admission or concession by Defendant that any damages potentially recoverable in the Action would have exceeded the Settlement Amount, or that class certification is appropriate in this Action, except for purposes of the Settlement.

IT IS SO ORDERED.

DATED: _____February 9_____, 2024

_____
THE HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

[Proposed] Order Granting Plaintiff's Motion for Final Approval of Class Action Settlement